**Allen Paul SCHERLIE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–84–0529–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

April 4, 1985.

W. Scott Carpenter, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Houston, William J. Delmore, III, Harris County Asst. Dist. Atty., Pam Sklar Derbyshire, Harris County Asst. Dist. Atty., for appellee.

Before EVANS, C.J., and DUNN and COHEN, JJ.

## OPINION

COHEN, Justice.

The appellant was convicted by a jury of driving while intoxicated and the court assessed punishment of 120 days in jail, probated for two years, and a $350.00 fine.

The first ground of error asserts that the court erred in instructing the jury that intoxication is defined as having an alcohol concentration of 0.10% or more because such an instruction constituted an irrebuttable presumption of intoxication and was, therefore, unconstitutional.

The information contained two paragraphs alleging the offense of driving while intoxicated, under Tex.Rev.Civ.Stat. Ann. art. 6701*l*–1(a)(2)(A) and (B) (Vernon Supp.1985). The State abandoned the first paragraph and prosecuted solely upon the second paragraph, which alleged that the appellant committed the offense by "having an alcohol concentration of at least 0.10% in his body" while he drove or operated a motor vehicle in a public place.

The jury charge defined "intoxicated" as "having an alcohol concentration of 0.10% or more."

In applying the law to the facts, the jury charge provided:

Therefore, if you believe from the evidence beyond a reasonable doubt that the defendant, Allen Paul Scherlie, on or about the 29th of April, 1984, in Harris County, Texas, did while intoxicated, namely, having an alcohol concentration of at least 0.10% in his body, drive or operate a motor vehicle in a public place, you will find the defendant guilty.

■ Until art. 6701*l*–1 was amended, effective January 1, 1984, the sole definition of "intoxication" in Texas was that a driver did not have the normal use of his mental or physical faculties by reason of introduction of alcohol into his body. The statutory amendment added the new definition of "having an alcohol concentration of 0.10% or more." Thus, under the statute, one who drives a vehicle in a public place with an alcohol concentration of 0.10% or more commits the crime of driving while intoxicated, even though he may retain the normal use of his mental or physical faculties. Under the former law, an alcohol concentration of 0.10% entitled a jury to presume that the defendant did not have normal use of his mental and physical faculties. Under the new law, once it is shown that the defendant had an alcohol concentration of 0.10% or more, there is nothing for the jury to presume. The offense has been proved. The new definition of "intoxicated" in art. 6701 *l*–1(a)(2)(B) does not give rise to any presumption of intoxication; on the contrary, an alcohol concentration of 0.10% constitutes intoxication standing alone. It is a separate, independent, additional way in which the crime of driving while intoxicated may be committed. It is not a presumption at all, much less an irrebuttable presumption. It is the ultimate fact to be determined in the litigation.

The appellant's argument has been rejected in Texas and elsewhere. *See Forte v. State*, 686 S.W.2d 744 (Tex.App.—Fort Worth, pet. pending) and cases cited therefrom other states.

The first ground of error is overruled.

■ The second ground of error asserts that the court erred in denying the appellant's motion to set aside the second paragraph of the information because art. 6701*l* –1(a)(2)(B) is unconstitutional in that it predetermines the accused's guilt, deprives the accused of a fair trial, shifts the burden of proof to the accused and deprives the accused of due process of law. These arguments are all grounded on the appellant's assumption that the statute creates an irrebuttable presumption of intoxication, a proposition we have rejected in ground of error one.

Ground of error two is overruled.

■ The third ground of error contends that the court erred in refusing the appellant's requested jury charge, pursuant to Tex.Penal Code Ann. sec. 2.05 (Vernon 1974). That statute requires that a jury be given instructions limiting the effect of a presumption, "when this code or another penal law establishes a presumption with respect to any fact, . . . ." The appellant relies on *Goswick v. State*, 656 S.W.2d 68 (Tex.Crim.App.1983) and *Eckman v. State*, 600 S.W.2d 937 (Tex.Crim.App.1980) for the proposition that failure to give such a charge is fundamental error in a driving while intoxicated prosecution. Neither *Goswick* nor *Eckman* controls this ground of error, however, because neither interpreted article 6701*l* –1(a)(2)(B), as amended effective January 1, 1984.

The new definition of "intoxication", having an alcohol concentration of 0.10% or more, is not a presumption. Consequently, there is no requirement to give the limiting instruction required by sec. 2.05 for presumptions.

Ground of error three is overruled.

■ The fourth ground of error asserts that the court erred by admitting evidence of the intoxilyzer results because the State failed to establish that the intoxilyzer operator understood the scientific theory of the device.

It is not required that the operator understand the scientific theory of the intoxi-

lyzer. The State is only required to prove "that the operator and the machine were under the periodic supervision of one who has an understanding of the scientific theory of the machine." *Hill v. State,* 158 Tex.Cr.R. 313, 256 S.W.2d 93, 96 (Tex.Crim. App.1953). The State presented testimony from a chemist which met this requirement.

Ground of error four is overruled.

■ The fifth ground of error contends that the predicate was not proved to justify admission of the results of the intoxilyzer test because it was not shown that the test was performed pursuant to the rules of the Department of Public Safety and by an individual possessing a valid certificate issued by the Department.

The officer testified that he held a D.P.S. certificate as a qualified intoxilyzer operator on the date alleged in the information and that he followed the rules of the Department for giving an intoxilyzer test. This was a proper predicate. *See Epperson v. State,* 578 S.W.2d 398 (Tex.Crim. App.1979) holding that an objection under the "best evidence rule" is not meritorious in such circumstances.

Ground of error five is overruled.

The judgment is affirmed.