Harold Lee **REINSMITH**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. C14–85–255–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 12, 1985.

Terry Collins, Lynn Bradshaw-Hull, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Winston E. Cochran, Jr., Joseph Salhab, Asst. Dist. Attys., Houston, for appellee.

Before JUNELL, ROBERTSON and CANNON, JJ.

## OPINION

JUNELL, Justice. ·

Harold Lee Reinsmith appeals a conviction for driving while intoxicated. After the jury returned a guilty verdict, the trial court assessed punishment at 120 days confinement, probated, and a $300 fine.

In his first ground of error, appellant claims the trial court erred in defining "intoxication" as having .10 percent or more alcohol concentration because such charge creates an unconstitutional irrebuttable presumption. Appellant's second ground of error contends Article 6701*l*-1(a)(2)(B) is unconstitutional because it predetermines his guilt, deprives him of a fair trial and due process of law, and shifts the burden of proof. Appellant's third ground of error alleges Article 6701*l*-1(a)(2)(B) is unconstitutional because notice of the new definition of intoxication was not given in the caption of Senate Bill 1.

We affirm.

■ In his first ground of error, appellant contends the definition of "intoxication" given in the statute creates an unconstitutional irrebuttable presumption of intoxication. Article 6701*l*-1(a)(2) reads:

"Intoxicated" means:

    (A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, or a combination of two or more of those into the body; or

    (B) having an alcohol concentration of 0.10 percent or more.

Tex.Rev.Civ.Stat.Ann. art. 6701*l*-1 (Vernon Supp.1985).

The same ground of error was presented in *Scherlie v. State*, 689 S.W.2d 294 (Tex. App.—Houston [1st Dist.] 1985, pet. granted) in which the court stated:

The definition of "intoxicated" in Article 6701*l*-1(a)(2)(b) does not give rise to any presumption of intoxication; an alcohol concentration of 0.10% constitutes intoxication standing alone. It is a separate, independent, additional way in which the crime of driving while intoxicated may be committed. It is not a presumption at all, much less an irrebuttable presumption. It is the ultimate fact to be determined in litigation.

We find no reason to disagree with the *Scherlie* reasoning. *See also Forte v. State*, 686 S.W.2d 744 (Tex.App.—Fort Worth 1985, pet. granted). Appellant's first ground of error is overruled.

■ Appellant's second ground of error challenges the constitutionality of Article 6701*l*-1(a)(2)(B) on the grounds it predetermines the accused's guilt, shifts the burden of proof, and deprives the accused of a fair trial and due process of law. This contention is based on the assumption that an irrebuttable presumption had been created. As no such presumption exists, appellant's contention is without merit. *Scherlie*, 689 S.W.2d at 296.

■ Appellant contends that a note sent by the jury asking the judge:

Are we obligated to find the defendant guilty because we believe he had at least 0.10 percent alcohol in his body at the time of arrest?

indicated that the jury construed the issue of alcohol concentration as a presumption

rather than independent proof of the intoxication element. Nothing in the record indicates that the jury misunderstood the instructions. Appellant's second ground of error is overruled.

Appellant's third ground of error challenges the constitutionality of Article 6701*l*–1(a)(2)(B) alleging the caption of Senate Bill No. 1 failed to give notice of the new definition of intoxication.

 Article III, Section 35 of the Texas Constitution states:

No bill ... shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed.

The caption of Senate Bill No. 1 reads in part:

AN ACT relating to offenses of driving while intoxicated, involuntary manslaughter involving the use of a motor vehicle, criminally negligent homicide, and allowing a dangerous driver to borrow a motor vehicle ... amending 6701*l*–1, Revised Statutes, as amended....

With amendatory bills, it is settled that reference to the act or section to be amended is adequate, as long as the subject matter of the amendment is germane or reasonably related to the content of the original act. *Smith v. Davis*, 426 S.W.2d 827, 833 (Tex.1968). The language of the *Smith* decision was adopted by the Court of Criminal Appeals in *Putnam v. State*, 582 S.W.2d 146 (Tex.Crim.App.1979). The caption states that the bill amends Article 6701*l*–1; this is sufficient notice that the bill should be examined for any alterations of that article. Reference by article number to the statute being amended has been held sufficient notice. *Turnipseed v. State*, 609 S.W.2d 798 (Tex.Crim.App.1980). Appellant's third ground of error is overruled.

We affirm the judgment.