Presley Robert
**SOMMERMEYER, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. A14–85–00438–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

June 26, 1986.

Henry L. Burkholder, III, Perry N. Bass, Houston, for appellant.

John B. Holmes, Jr., James C. Brough, Houston, for appellee.

Before J. CURTISS BROWN, P.J., and MURPHY and ROBERTSON, JJ.

## OPINION

ROBERTSON, Justice.

Trial was to a jury on a plea of not guilty to the felony offense of driving while intoxicated; the punishment is confinement for five years and a fine of $500. Issues concern the sufficiency of the caption to an amendatory statute concerning the offense of driving while intoxicated, the validity of a prior conviction, sufficiency of the guilty verdict to authorize a felony conviction, failure of the court to grant his mistrial during jury argument and failure of the court to suppress that portion of the video tape showing appellant's refusal to take a breath test. We affirm.

The sufficiency of the evidence is not challenged and a recitation of the facts is therefore unnecessary.

■ In his first ground of error appellant contends that the caption to Senate Bill 1, passed by the 1983 session of the legislature is constitutionally deficient in that it did not give sufficient notice that the amendment provided that the offense could henceforth be committed by driving "in a public place" rather than on a public road or beach.

Senate Bill 1 addressed several subjects including driving while intoxicated, involuntary manslaughter involving the use of a motor vehicle, criminally negligent homicide and allowing a dangerous driver to borrow a vehicle and amended various statutes. Omitting those portions of the caption that are irrelevant to the issue before us, the caption provided:

AN ACT

relating to offenses of driving while intoxicated, ... amending 6701*l*–1 Revised Statutes, as amended; ....

Article 6701*l*–1 of the Revised Statutes defined the offense of driving while intoxicated. Tex.Rev.Civ.Stat.Ann. art. 6701*l*–1 (Vernon Supp.1986).

The recent opinion of this court in *Reinsmith v. State*, 703 S.W.2d 315 (Tex.App.—Housvon [14th Dist] 1985) is dispositive. There we said:

"With amendatory bills, it is settled that reference to the act or section to be amended is adequate, as long as the subject matter of the amendment is germane or reasonably related to the content of the original act. *Smith v. Davis*, 426 S.W.2d 827, 833 (Tex.1968). The lan-

guage of the *Smith* decision was adopted by the Court of Criminal Appeals in *Putnam v. State*, 582 S.W.2d 146 (Tex.Crim. App.1979). The caption states that the bill amends Article 6701l–1; this is sufficient notice that the bill should be examined for any alterations of that article. Reference by article number to the statute being amended has been held sufficient notice. *Turnipseed v. State*, 609 S.W.2d 798 (Tex.Crim.App.1980)." *Reinsmith*, 703 S.W.2d at 317.

Appellant's first ground is overruled.

■ In his second ground appellant contends the court erred in failing to suppress one of his prior felony convictions for driving while intoxicated because the misdemeanor conviction alleged to make that offense a felony was defective because he had not waived his right of trial by jury in such misdemeanor case. The factual support for appellant's contention is that the judgment of conviction in cause number 170,024 for the misdemeanor offense of driving while intoxicated did not state that appellant waived his right to trial by jury; rather it recited "no jury having been demanded." [1] However when such misdemeanor judgment was later relied upon to elevate appellant's subsequent driving while intoxicated offense to a felony (in cause number 299,003, alleged as one of the prior offenses in the indictment in this present case) there was no objection on the basis that the judgment was infirm on the now *Samudio* grounds. *Samudio v. State*, 648 S.W.2d 312 (Tex.Crim.App.1983).

The state, relying upon *Ex parte Ridley*, 658 S.W.2d 177 (Tex.Crim.App.1983), contends that failure to object when the voidable prior misdemeanor judgment was utilized in cause number 299,003 precludes a later collateral attack upon the judgment in cause number 299,003 on those grounds. Appellant recognizes this rule relied upon by the state, but contends that *Ex parte Sanders*, 588 S.W.2d 383 (Tex.Crim.App. 1979) provides an exception to the require-

ment of a contemporaneous objection, and in the circumstances of this case an objection was not necessary. In *Ex parte Sanders*, the court of criminal appeals stated:

"Failure to object to proof of a void conviction has been held to constitute a waiver. *Ex parte Gill*, 509 S.W.2d 357 (Tex.Crim.App.). Where the defect which renders the conviction void has not been established as a defect of constitutional magnitude the failure of counsel to object does not constitute waiver. (citing cases)." *Ex parte Sanders*, 588 S.W.2d at 384.

Appellant argues the failure of counsel to object to the use of the prior voidable conviction in the 1979 trial of cause number 299,003 was not a waiver of this defect because the failure to secure a waiver of a defendant's federal right to trial by jury was not established as a defect of constitutional magnitude until 1982 when *Samudio* was decided.

In *Ex parte Sanders*, the court speaks of a "void" conviction. The court of criminal appeals has not held, so far as we can determine, that the *Samudio*-type *judgment* is void—it merely held it was voidable on direct appeal where the record was silent on whether the appellant had waived counsel. Therefore, the requirement of an objection and the *Sanders* exception may not apply where we have a "voidable" instead of a "void" conviction. However, we do not believe it is essential in the case before us to decide whether on the facts before us appellant was precluded from attacking the prior conviction.

The issue under *Samudio* was not whether the accused was *denied* a trial by jury, but whether the record showed a *waiver* of jury trial. Appellant testified on the motion to suppress the prior conviction. On direct examination the following occurred:

"Q. Mr. Sommermeyer, referring you to Defendant's Exhibit No. 3, which is the judgment and sentence and in-

---

1. A like judgment, on direct appeal, was later held voidable on the basis that a waiver of right to a jury trial could not be inferred from a silent record. *Samudio v. State*, 648 S.W.2d 312 (Tex. Crim.App.1983).

dictment in Cause No. 170,024, would you tell the Court whether or not on May the 30th, 1972, if you pled guilty to this offense of driving while intoxicated?

A. Yes, I did.

Q. At that time, Mr. Sommermeyer, would you tell the Court whether or not you affirmatively waived your right to a jury trial in open Court?

A. No, ma'am."

On cross-examination, the following occurred:

"Q. Well, I understand that, but your lawyer asked you if you affirmatively waived your right to a jury trial, and my question is what does that mean?

A. It means I waived—I don't want the jury trial.

Q. Okay. And you didn't want a jury trial in that case; is that right?

A. No. I pled guilty.

Q. All right. And you didn't want a jury, did you?

A. I didn't waive my right to a jury trial, though.

. . . .

Q. And you had a lawyer, didn't you?

A. Yes, ma'am.

. . . .

Q. And he was a good lawyer, wasn't he?

A. I thought so.

. . . .

Q. And he explained to you you had a right to a jury trial, didn't you (sic)?

Objection

A. I guess he did. I don't know. I don't remember.

Q. So you are not telling the Court; that he didn't explain that, are you?

A. Well, whether he explained it or not, we didn't—I didn't waive my rights.

Q. That's not my question, Mr. Sommermeyer. My question is did he explain to you that you had a right to a jury trial?

A. Yes. I guess he did.

Q. Yes, he explained that, didn't he? And you decided you didn't want a jury trial; is that correct?

A. The jury trial wasn't necessary.

. . . .

Q. Okay. And before you pled guilty or after you pled guilty, the judge asked you questions, didn't he?

A. Yes.

Q. Okay. And he explained to you you had a right to a jury trial, didn't he?

A. Yes.

Q. So, you knew you had a right to a jury trial; isn't that correct?

A. That's right."

The conviction was for a misdemeanor and it was, of course, unnecessary that the waiver of trial by jury be in writing. It is, therefore, plain to see that this is not the silent record concerning waiver of a jury that faced the court in *Samudio*. We hold the above testimony made at the time of the motion to suppress the prior conviction is sufficient to show that appellant, the accused in that case, knew he had a right to a jury trial in the trial of cause number 170,024 and knowingly waived his right thereto. His second ground is overruled.

As we interpret his third ground, appellant contends the verdict of the jury found him guilty of only the misdemeanor offense of driving while intoxicated, and, therefore, the court erred in charging the jury concerning punishment for the felony offense. Without setting out verbatim that portion of the jury charge on guilt, the court instructed the jury that if they believed beyond a reasonable doubt the defendant committed the acts alleged to constitute the instant offense "and if you further find from the evidence beyond a reasonable doubt that the defendant" had been previously convicted as alleged, setting out such prior convictions as alleged,

"then you will find the defendant guilty as charged in the indictment." The jury verdict reads:

"We, the jury, find that defendant, Presley Robert Sommermeyer, guilty of driving and operating a motor vehicle in a public place while intoxicated, on or about the 5th day of March, 1985, as charged in the indictment."

We reject appellant's contention. First, there was no objection at any time. He did not object to the court's charge on punishment, which only submitted the provisions concerning punishment for the felony offense, nor did he request a charge on misdemeanor punishment. For this reason, the issue is not preserved for our review. Secondly, if it was, no error is shown because there was no instruction to the jury during the guilt phase authorizing them to find the defendant guilty of a misdemeanor offense. Finally, the jury verdict finding appellant "guilty as charged", at least under the instructions as given, was sufficient to constitute a finding that appellant was guilty of the felony offense as charged. *Jason v. State*, 589 S.W.2d 447, 451–52 (Tex.Crim.App.1979). Appellant's third ground is overruled.

■ As we construe his fourth ground, appellant contends the court erred in failing to grant his mistrial when the prosecutor argued that a chemical test of appellant's breath would have refuted the defense that he was suffering from diabetes at the time of his arrest. Appellant alleges that there was no testimony at trial that a breath test would have revealed appellant's defense to be lacking in scientific fact and, therefore the prosecutor's argument was outside of the record. During the prosecutor's argument to the jury, the following proceedings occurred:

"He said it makes a difference whether a person is an alcoholic. They have much greater tolerance if you are not an alcoholic, a binge drinker.

You know there's one witness Defendant could have brought you today. And that witness' testimony would have been the exact same on March 5th, 1985 as it was—

MR. BASS: Excuse me, Your Honor. I am going to object to her getting into this area at all, that she ought to drop it right now.

THE COURT: Well—

MS. CONNORS: That witness' testimony—

THE COURT: Overruled. Go ahead.

MS. CONNORS: Would have been the same on March 5th, 1985 as it would have been today.

MR. BASS: Excuse me, Your Honor.

MS. CONNORS: And the reason—

MR. BASS: I'm going to object to this line of argument right now, ask the Jury be instructed to disregard.

THE COURT: All right. Objection sustained.

MS. CONNORS: The Defendant could have taken the breath test—

MR. BASS: Your Honor, the rules require me also to move for a mistrial at this time.

THE COURT: Overruled.

MS. CONNORS: The Defendant could have taken a breath test. Why didn't he take the breath test? You could have seen those results and you would have known he was intoxicated. That's why the Defendant didn't take the breath test. He knows the consequences of those tests and you heard him on the video tape, I'm not taking any tests, and copping out, because you would have known right then it was alcohol and then he couldn't have used his defense, hey, I'm a diabetic, I am suffering from an insulin reaction. You would have known right then and there."

The state challenges the above occurrence as a sufficient objection for the error of which he now complains. When appellant's first general objection was overruled, there had been no mention of failure to take a chemical test. Even though the argument continued, no mention was then made of a chemical test, and appellant's general objection was then *sustained*. A breath test was then mentioned and appel-

lant moved for a mistrial which was overruled. After the prosecutor argued that the failure of appellant to take a breath test would have ruled out the diabetes defensive theory, appellant did nothing further. No objection was made to the argument complained of on appeal. We agree the matter is not properly before us. Appellant's fourth ground is overruled.

We interpret appellant's fifth ground of error as complaining of the court's failure to suppress that portion of the video tape showing appellant's refusal to take a breath test because such "refusal was obtained in violation of the appellant's right to counsel." Again the state's challenge to the appellate predicate is well-taken because appellant's position on appeal does not comport with his trial objection. We note, however, that the court of criminal appeals has held that the accused's Sixth Amendment right to counsel, under the circumstances presented in this case, does not attach until a complaint has been filed. *Forte v. State*, 707 S.W.2d 89 (Tex. Crim.App.1986). Appellant's argument under the ground is directed only to his "federal right to counsel." The fifth ground is overruled.

The judgment is affirmed.