**Robert Michael SHAW, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–86–527–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 30, 1987.

Rehearing Denied May 28, 1987.

Henry L. Burkholder, III, Houston, for appellant.

John B. Holmes, Jr., Kathlyn Giannaula, Vic Wisner, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ROBERTSON and CANNON, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

Robert Michael Shaw (appellant) was convicted of aggravated sexual assault of a child by the court and was sentenced to thirty-five years of confinement. In three points of error, appellant contends that he was denied his right to cross-examine the child, the State failed to lay the proper predicate for the admission of the video-tape, and he failed to waive his right to a trial by jury. We find his contentions to be without merit and affirm the judgment of the trial court.

The appellant was a former boyfriend of Carolyn Lane (Lane). Kinshasha Lane (the complainant) was the five year old daughter of Lane. After their separation, the appellant continued to see the complainant, as she regarded him as her "daddy." On October 4, 1985, the complainant spent the night with appellant. When Lane picked her up the next evening, Lane noticed that she appeared to be terrified. Lane stated that the complainant told her that the appellant had sexually abused her. A medical examination revealed that complainant's hymenal ring was not intact.

Appellant first complains that he was denied the right to cross-examine the complainant. The State, instead of having her testify, elected to present a videotape made pursuant to Tex.Crim.Proc.Code Ann. art. 38.071 (Vernon Supp.1987). Article 38.071 provides:

> The recording of an oral statement of the child made before the proceeding begins is admissible into evidence if:

> (1) no attorney for either party was present when the statement was made;
> (2) the recording is both visual and aural and is recorded on film or videotape or by other electronic means;
> (3) the recording equipment was capable of making an accurate recording, the operator of the equipment was competent, and the recording is accurate and has not been altered;
> (4) the statement was not made in response to questioning calculated to lead the child to make a particular statement;
> (5) every voice on the recording is identified;
> (6) the person conducting the interview of the child in the recording is present at proceeding and available to testify or be cross-examined by either party;
> (7) the defendant or the attorney for the defendant is afforded an opportunity to view the recording before it is offered into evidence; and
> (8) the child is available to testify.

> (b) If the electronic recording of the oral statement of a child is admitted into evidence under this section, either party may call the child to testify, and the opposing party may cross-examine the child.

The appellant claims that article 38.-071 requires the State to make the complainant available at the earliest opportunity to allow effective cross-examination. *See Lawson v. State,* 697 S.W.2d 803, 806–07 (Tex.App.—Houston [1st Dist.] 1985, pet. granted) (error to not allow cross-examination of child during State's case in chief). We need not resolve this issue since appellant waived any cross-examination of complainant. At the conclusion of the State's case, appellant requested that he have the opportunity to cross-examine the complainant. After the request, the trial judge did not deny the request but, instead, asked for a moment to think about the issue. Appellant's attorney then told the court that he thought "we" have resolved this and elected to call Lane and the appellant to testify. At the conclusion of their testimony, he called complainant to take the stand. Appellant's attorney decided

not to ask her any questions, saying "I am not going to force her." Appellant's attorney, in his exercise of trial strategy, elected to waive any right he may have had to cross-examine complainant. We overrule appellant's first point of error.

In his second point of error, appellant argues that the State failed to meet the requirements of article 38.071. He maintains that the State did not show that the operator was competent or that the witness qualifying the videotape statement had maintained exclusive control over the tape. The State called Colleen Winn (Winn), a social worker for Harris County Children's Protective Services, in order to introduce the tape. She testified that she only knew how to turn the video recording equipment off and was not trained in operating the equipment. Another person was responsible for turning the machine on. Winn did testify that the recording equipment was capable of making an accurate recording and that she had viewed the videotape and found it to be an accurate depiction of what transpired.

 We believe that the State sufficiently laid a proper predicate for introducing the videotape. Videotapes have a greater indicia of reliability than either film or sound tapes standing alone due to the dual audio and visual aspect. *Roy v. State*, 608 S.W.2d 645, 649 (Tex.Crim.App.1980). The trial judge has broad discretion in admitting video recordings and the requirements of admissibility can be inferred from the evidence. *Jolly v. State*, 681 S.W.2d 689, 696 (Tex.App.—Houston [14th Dist.] 1984, pet. granted); *Edwards v. State*, 551 S.W.2d 731 (Tex.Crim.App.1977). Based on Winn's testimony stating that she had viewed the videotape and found it to be accurate, the trial judge could find that the operator was competent. We cannot say that the trial court has abused its discretion in admitting the videotape. We overrule appellant's second point of error.

 In his third point of error, the appellant claims that he did not knowingly and voluntarily waive his right to a jury trial, because he did not understand the range of punishment. In a motion for a new trial the appellant testified that he erroneously thought he was eligible for probation. The minimum sentence appellant could have received for a conviction of aggravated rape was fifteen years; appellant could not have been eligible for probation. *See* Tex.Crim. Proc.Code Ann. art. 42.12, § 3g (Vernon Supp.1987). The record shows appellant signed a jury waiver indicating that he was voluntarily and knowingly waiving his right to a trial by jury. Appellant testified that before he signed the written waiver, the trial judge admonished him of his right to a jury trial and he signed the document freely and voluntarily. He does not contend that any officer of the court made an affirmative misrepresentation to him on the availability of probation. The record evidences an affirmative showing that appellant made a knowing and voluntary waiver of his rights. *Sommermeyer v. State*, 713 S.W.2d 183 (Tex.App.—Houston [14th Dist.] 1986, no pet.).

Appellant relies on cases that state that in order to make a valid plea of guilty, a defendant must be aware of the range of punishment. *See Wade v. Wainwright*, 420 F.2d 898 (5th Cir.1969); *Ex Parte Burns*, 601 S.W.2d 370 (Tex.Crim.App.1980). These cases are concerned with preserving the efficaciousness of guilty pleas. The same concerns are not reflected when a defendant does have a full adjudication of guilt by the trial judge. A written waiver in compliance with Tex.Crim.Proc.Code Ann. art. 1.13 (Vernon 1977) executed by the defendant with the understanding that a judge, rather than a jury, will assess his guilt or innocence is sufficient. Appellant made a knowing and voluntary waiver of his right to a trial by a jury.

For the reasons set forth we affirm the judgment of the trial court.