Reversed and Remanded and Memorandum Opinion filed July 27, 2006











Reversed and
Remanded and Memorandum
Opinion filed July 27, 2006.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00520-CV

____________

 

PAULA TICKNOR, Appellant

 

V.

 

EDWARD DOOLAN, Appellee

 



 

On Appeal from the 278th
Judicial District Court

Walker County, Texas

Trial Court Cause No. 22045

 



 

MEMORANDUM OPINION








This is an appeal from a jury verdict in a personal injury
suit stemming from a collision between a motorist and a bicyclist.  Appellant,
the motorist, asks us to reverse the judgment arguing the trial court abused
its discretion and caused an improper verdict by excluding all evidence of the
bicyclist=s alleged intoxication.  In the alternative, appellant
asks us to reform the judgment to reduce the award for past medical expenses to
the amount actually found by the jury, rather than the increased amount awarded
by the trial court.  Having concluded the trial court abused its discretion by
excluding all evidence of alcohol use and that the error was harmful, we
reverse and remand this case for further proceedings consistent with this
opinion. 

I.  Factual and Procedural History

Paula Ticknor was driving to a store when she collided with
bicyclist Edward Doolan.  Doolan sued Ticknor for his injuries, alleging that
Ticknor=s negligence
caused the accident.  Ticknor responded that Doolan was negligent, negligent
per se, and contributorily negligent because he veered in front of her car
while intoxicated.  Ticknor and Doolan were the only witnesses to the accident.

Doolan filed pre-trial motions to exclude all evidence of
his alcohol consumption and alleged intoxication on the grounds that Athere is no
relevant and reliable evidence that causally connects alcohol consumption or
intoxication to the cause of this collision . . .@.  In addition,
Doolan argued that the probative value of such evidence would be substantially
outweighed by the danger of unfair prejudice, confusion of the issues, or
misleading the jury.  The trial court granted Doolan=s motion.   At
trial, Ticknor was prevented from introducing evidence of Doolan=s alleged
intoxication, including (a) Doolan=s admission that
he had consumed alcohol prior to the accident; (b) the investigating officer=s personal
observations that Doolan was glassy-eyed and smelled very strongly of alcohol;
(c) the investigating officer=s non-expert opinion that Doolan was
intoxicated; (d) the investigating officer=s expert opinion
that Doolan Ahad a lot to drink;@ (e) medical
records showing that Doolan had a blood-alcohol level of 98 mg/dl following the
accident; and (f) the deposition testimony of Doolan=s treating
physician Dr. Vivek Kushwaha (ADr. Kushwaha@) that a person
with a blood-alcohol level of 98 mg/dl (or .098 g/ml) is legally intoxicated. 
Ticknor was also prevented from using evidence of Doolan=s alcohol use to
impeach Doolan=s testimony that he had no reason to turn, stumble,
lose his balance, or lose control of his bicycle.








Ten members of the jury found Ticknor seventy percent
negligent and Doolan thirty percent negligent.  The jury further found that
$170,000.00 would fairly and reasonably compensate Doolan for past medical
care.  Doolan filed a motion asking the trial court to disregard this finding,
and to increase the award for past medical care to $259,583.19.  The trial
court granted the motion, and entered judgment for Doolan in the increased
amount.

II.  Issues Presented

On appeal, Ticknor contends the trial court abused its
discretion by excluding all evidence of Doolan=s alcohol
consumption and alleged intoxication.  Ticknor also challenges the trial court=s award of past
medical expenses in an amount greater than that found by the jury.  

III.  Standard of
Review

A trial court has broad discretion to determine the
admissibility of evidence, and we will reverse only if that discretion has been
abused, i.e., if the trial court acted without reference to any guiding
principles.  Keo v. Vu, 76 S.W.3d 725, 730 (Tex. App.CHouston [1st
Dist.] 2002, pet. denied).  To reverse a judgment based on error in the
admission or exclusion of evidence, we must conclude that the error probably
caused the rendition of an improper judgment.  Nissan Motor Co. v.
Armstrong, 145 S.W.3d 131, 144 (Tex. 2004).

IV.  Analysis

A.        Evidence of Alcohol
Consumption and Intoxication is Relevant.








Evidence
of alcohol consumption is relevant and admissible evidence bearing on the
issues of causation and contributory negligence.  Trans-State Pavers, Inc.
v. Haynes; 808 S.W.2d 727, 733 (Tex. App.CBeaumont 1991, writ denied). 
Although evidence of intoxication, standing alone, does not establish
negligence or proximate cause, it is an evidentiary fact to be considered by
the jury in assessing contributory negligence.  Benoit v. Wilson, 239
S.W.2d 792, 798 (Tex. 1951); see also Scott v. Gardner, 137 Tex. 628,
637, 156 S.W.2d 513, 518 (1941) (A[drunkenness] is a fact admissible in
evidence as tending to prove negligence.@); Gunter v. Morgan, 473
S.W.2d 952, 954 (Tex. Civ. App.CTexarkana 1971, no writ) (evidence tending to prove that a
person was impaired by the use of alcohol is admissible and may be considered
by the jury when Avigilance, judgment or reactions and similar matters are at
issue.@)  

Here,
Doolan=s Avigilance, judgment or reactions@ are at issue.  Contrary to Doolan=s assertions, Ticknor does not base
her allegations of contributory negligence solely on evidence of Doolan=s intoxication, but offered testimony
that Doolan suddenly veered in front of her.  Moreover, Doolan=s alcohol consumption prior to the
accident bears on the weight afforded to his recollection of events. 

In sum,
because evidence of Doolan=s alcohol consumption is relevant to the claims and defenses
in the case, the evidence is rebuttably presumed to be admissible.  See Tex. R. Evid. 402.

B.        Expert Testimony that Intoxication Caused
the Accident Is Not a Prerequisite to Admissibility. 

Doolan
urged the trial court to exclude alcohol-related evidence because there is no Areliable evidence that causally
connects alcohol consumption or intoxication to the cause of this collision . .
. .@  As the record and the briefs make
clear, this objection was based on the assumption that evidence of Doolan=s alcohol consumption was properly
excluded if Ticknor failed to offer expert opinion testimony that Doolan=s alleged intoxication was a cause of
the accident.  This assumption is incorrect.  No expert evidence of causation
is required in this case, as causation can be proved by circumstantial evidence
and inference.  See Havner v. E-Z Mart Stores, Inc., 825 S.W.2d 456, 459
(Tex. 1992) (ANor >need [causation] be supported by direct evidence, as circumstantial
evidence and inferences therefrom are a sufficient basis for a finding of causation.=@) (quoting City of Gladewater v. Pike,
727 S.W.2d 514, 518 (Tex. 1987)); see also El Chico Corp. v. Poole, 732 S.W.2d 306, 311 (Tex. 1987) (Awe know by common knowledge that
alcohol distorts perception, slows reaction, and impairs motor skills . . . .@) (emphasis added).  








Doolan asked the trial court to apply the requirements
governing admissibility of expert opinion testimony to the admissibility of all
evidence of his alcohol consumption.  Although the trial court acts as a
gatekeeper in assessing the reliability of scientific methods on which an
expert opinion is based,[1]
such assessments are not preconditions to the admission of factual evidence of
alcohol consumption, business records showing blood- alcohol levels, or
non-expert opinions regarding intoxication.[2] 
See Missouri-Kansas-Texas R.R. Co. v. May, 600 S.W.2d 755, 756 (Tex.
1980) (AThe hospital lab
report showing results of a blood-alcohol test is admissible as a business
record of the hospital when the evidence shows that the record was made in the
regular course of business and the other requirements of [Tex. R. Evid. 902] are met.@); Vaughn v.
State, 493 S.W.2d 524, 525 (Tex. Crim. App. 1972) (AIt is elementary
in Texas that one need not be an expert in order to express an opinion upon
whether a person he observes is intoxicated.@); also compare
Tex. R. Evid. 701 (governing
opinion testimony by lay witnesses) with Tex. R. Evid. 702 (governing testimony by experts).  Thus,
Ticknor was not required to offer expert testimony that Doolan=s alcohol use or
intoxication caused the accident in order to present such evidence. 








In addition to her complaints regarding the exclusion of
the factual evidence listed above, Ticknor also argues the trial court erred in
excluding certain expert opinion evidence. Specifically, Ticknor contends the
trial court abused its discretion by excluding certain testimony of Doolan=s treating
physician, including testimony that (a) the term ETOH in the medical records
refers to ethanol or alcohol; (b) a normal person who has not consumed any alcoholic
beverages has an ETOH level of zero; (c) intoxication affects a person=s ability to give
a proper neurologic exam and history; (d) Doolan=s documented
blood-alcohol content was 98 mg/dl, or 0.098 g/ml, when tested after the
accident; and (e) a person with a blood-alcohol level of 98 mg/dl, or 0.098
g/ml is legally intoxicated.  Just as with the factual evidence, Doolan
objected to the admission of this expert opinion evidence on the grounds that
there is no Areliable evidence that causally connects alcohol
consumption or intoxication to the cause of this collision . . . .@  

This is not the standard for the admission of expert
opinion testimony.  The test for admissibility of expert testimony is instead
found in Tex. R. Evid. 702: If
specialized knowledge will assist the trier of fact to understand the evidence
or to determine a fact in issue, a witness qualified as an expert by knowledge,
skill, experience, training, or education may testify thereto in the form of an
opinion or otherwise.  In determining whether the proffered testimony satisfies
Rule 702, a trial court may consider the following non-exclusive factors: (1)
the extent to which the theory has been or can be tested; (2) the extent to
which the technique relies upon the subjective interpretation of the expert;
(3) whether the theory has been subjected to peer review and/or publication;
(4) the technique's potential rate of error; (5) whether the underlying theory
or technique has been generally accepted as valid by the relevant scientific
community; and (6) the non-judicial uses which have been made of the theory or
technique.  E.I. du Pont de Nemours & Co., Inc. v. Robinson, 923
S.W.2d 549, 557 (Tex. 1995).  Doolan did not challenge the proffered testimony
at issue on any of these bases.[3]









C.      The
Probative Value of Alcohol-Related Evidence Is Not Substantially Outweighed by
the Danger of Unfair Prejudice, Confusion of the Issues, or Misleading the
Jury.

Doolan argues that the probative value of all evidence of
his alcohol use or intoxication is substantially outweighed by the danger of
unfair prejudice because Athe jury would be so enraged by even
[Doolan=s] use of alcohol
that it would not be able to properly compare [the relative fault of the
parties].@  In effect, Doolan argues that evidence regarding the
use of alcohol is unfairly prejudicial per se.  Doolan cites no authority in
support of this argument, nor do we find this to be the case.  See Goldberg
v. State, 95 S.W.3d 345, 375 (Tex. App.CHouston [1st Dist.] 2002, pet. ref=d) (in balancing probative value and
danger of unfair prejudice, probative value of evidence is presumed), cert. denied,
540 U.S. 1190 (2004); Trans-State Pavers, 808 S.W.2d at 732B33 (holding trial
court committed reversible error by excluding testimony concerning party=s use of
intoxicants when there was other evidence of negligent conduct); see also
Hyundai Motor Co. v. Vasquez, 189 S.W.3d 743, 756 (Tex. 2006) (stating it
is within the province of reasonable jurors to conclude that one relevant fact
overcomes all others).








Doolan also argues that evidence referring to a numeric
blood-alcohol level would confuse and mislead the jury into applying laws that
apply only to motorists charged with driving while intoxicated.  We disagree. 
The significance of blood-alchohol levels is not limited to persons accused of
driving while intoxicated as Doolan contends, nor is the statutory definition
of the word Aintoxicated@ applicable only
to motorists.[4]  
A jury that considers a person with a blood-alcohol level of 0.098 g/ml legally
intoxicated  would not be confused or misled; to the contrary, the jury would
be correct.  See Tex. Penal Code
Ann. ' 49.01(2)(B) (Vernon 2003) (defining Aintoxicated@ as Ahaving an alcohol
concentration of 0.08 g/100 ml or more.@).  Finally, a
statute defining Aintoxication@ in terms[COMMENT1]  of a
particular blood-alcohol concentration does not pre-determine guilt, shift the
burden of proof, or cause the trial to be unfair.  Reinsmith v. State,
703 S.W.2d 315, 316 (Tex. App.CHouston [14th Dist.] 1985, no pet.); see
also March v. Victoria Lloyds Ins. Co., 773 S.W.2d 785, 789  (Tex. App.CFort Worth 1989,
writ denied) (stating that although an expert's testimony would have enhanced
the jury=s understanding of
a blood-alcohol report, it was not necessary to their understanding of the test
results).

Because evidence of Doolan=s alcohol use and
alleged intoxication is relevant, and because the probative value of the evidence
is not substantially outweighed by the danger of unfair prejudice, confusion of
the issues, or misleading the jury, the trial court abused its discretion by
excluding all such evidence.

D.      The
Erroneous Exclusion of Evidence Probably Caused an Improper Verdict.

The admission or exclusion of evidence is a matter within
the trial court's discretion. Interstate Northborough P=ship v. State, 66 S.W.3d 213, 220
(Tex. 2001).  In order to reverse a judgment based on error in the admission or
exclusion of evidence, we must conclude that the error probably caused the
rendition of an improper judgment.  Nissan Motor Co. v. Armstrong, 145
S.W.3d 131, 144 (Tex. 2004).  In order to make this determination, we review
the entire record and require the complaining party to demonstrate that the
judgment turns on the particular evidence admitted or excluded.  Id.








Here, the only witnesses to the accident were Ticknor and
Doolan.  Both testified that they were both traveling in the same direction, at
night, on an unlighted, two-lane highway.  Beyond that point, there were
significant differences in their testimony.  According to Doolan, he was riding
his bicycle on or just to the right of the line marking the right-hand side of
a two-lane roadway at approximately 10:30 p.m. on December 19, 2002.  There is
no improved shoulder to the side of the road where the accident occurred. 
Doolan testified that his bicycle had reflectors, but no lights, and the front
tire could be unlatched and removed.  He testified that he had no reason to
turn his bike to the left and try to cross the road, and that no reason exists
that would explain why he would suddenly move to the left.  According to
Doolan, he did not stumble, lose his balance, or lose control, and there is no
reason he would have stumbled, lost his balance, or lost control of the
bicycle.  He is positive he did not turn left before the collision.  He
testified that he does not remember the collision, but that he felt and saw
Ticknor=s headlights, and
felt himself being lifted up and pulled back.  He awoke in the hospital days
later, with injuries to his neck and back.    

Ticknor testified that as she was driving, she saw Doolan
riding a bicycle along the line on the right side of the rode.  She slowed down
to five or ten miles below the speed limit and moved to the left side of her
own lane, but as she approached him, he suddenly veered to the left, in front
of her car, and she did not have time to stop the car before it struck him. 
Ticknor testified that the car struck the bicycle on the left side of the
bicycle=s front tire, and
that Doolan=s body struck Ticknor=s windshield on
the passenger side.  Doolan landed in a parking area, and Ticknor did not know whether she
drove over the bicycle.  She stopped her car in the roadway and approached
Doolan, but did not know what to do to assist him.  She tried to attract the
attention of another motorist, but was unable to do so.  When the other
motorist failed to stop, Ticknor drove to a nearby store and called 9-1-1.  She
remained at the store as instructed by the emergency dispatcher.  She did not
see the bicycle after the accident, and her car never left the roadway.  The windshield of
Ticknor=s car was broken
on the passenger side, the right headlight was broken, and there was a mark
near the center of the hood of the car.








Doolan also offered the expert testimony of accident
reconstructionist Sergio Garibay, who testified that Ticknor=s car is
approximately six feet wide, and was traveling in a lane approximately twelve
feet wide.  According to his measurements, the pavement deteriorated
approximately seven to ten inches to the right of the lane, leaving little room
outside of the roadway for a bicyclist.  Garibay opined that Ticknor=s car initially
contacted Doolan=s bicycle at the bicycle=s rear wheel, and
that the front wheel and the seat of the bicycle became detached from the
bicycle frame as a result of the impact.  Following the accident, the chain was
still attached to the bicycle, the spokes on the bicycle=s tires were not
broken, and there was air in both tires.  Garibay attributed other damage to
the bicycle to its movement after the initial impact.  On cross examination,
Garibay agreed that it is possible  Doolan was riding along the right side of
the road and moved in front of Ticknor, so that Ticknor=s car struck the
rear tire of Doolan=s bicycle. 

The excluded evidence includes the testimony of Department
of Public Safety Trooper Stephen Jeter, who responded to the scene.  Jeter=s excluded
testimony included Jeter=s observations that Doolan had a Avery, very, very
strong@ odor of an
alcoholic beverage on his breath; that Doolan=s eyes were
glassy; that it was Avery apparent he had been drinking@; and that Doolan
was belligerent at the scene and refused to discuss the accident with law
enforcement personnel.  In addition, Jeter would have offered his lay opinion
that Jeter was intoxicated.  Ticknor also would have offered medical records
indicating that Doolan had a blood-alcohol concentration of 98 mg/dl at the
hospital following the accident, and Doolan=s own testimony
admitting that he drank approximately four beers earlier that day. 
Additionally, Ticknor would have offered the deposition testimony of Dr. Vivek
P. Kushwaha (ADr. Kushwaha@), Doolan=s treating
physician, that the designation AETOH@ in Doolan=s medical records
indicates the presence of alcohol, and that intoxication can affect a patient=s ability to give
a history and to respond properly to a neurologic exam.  Dr. Kushwaha would
have testified that a person with a blood-alchohol content equal to that shown
in Doolan=s test would be legally intoxicated, and that alcohol
abuse is medically relevant.[5] 
Finally, Ticknor would have offered the testimony of Doolan=s supervisor that
Doolan would have been terminated if he had appeared for work intoxicated.    








Based on the foregoing, we conclude that the exclusion of
evidence of Doolan=s alcohol use and alleged intoxication
probably resulted in an improper verdict. The key issue below was the
determination of whether Doolan veered to the left in front of Ticknor just
before the accident.  The case was decided based in large measure upon the
weight given to the testimony of the two parties, including Doolan=s testimony that
there is no reason he would have veered in front of Ticknor.  The verdict was
reached by the minimum number of jurors, and their allocation of fault between
the two parties demonstrates that the ten jurors who reached agreement did not
fully accept either party=s version of events.  Under these
circumstances, it is probable that the jury would have reached a different
allocation of liability had it had been allowed to consider the excluded
evidence.  

V.  Conclusion

We hold the trial court abused its discretion in excluding
all evidence of Doolan=s alcohol use and intoxication, and this
error probably caused the rendition of an improper verdict.  Therefore, we
reverse and remand this cause for further proceedings consistent with this
opinion.       

 

 

 

/s/      Eva M. Guzman

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed July 27, 2006.

Panel consists of
Chief Justice Hedges and Justices Yates and Guzman.









[1]  See Gammill v. Jack Williams Chevrolet, Inc.,
972 S.W.2d 713, 726 (Tex. 1998) (Afundamental
requirements of reliability and relevance are applicable to all expert
testimony offered under [Tex. R. Evid. 702]
. . . All expert testimony should be shown to be reliable before it is
admitted.@)





[2]  Although the trial court granted several motions
excluding expert testimony, those rulings were not appealed.  Doolan did not
move to exclude the expert testimony of Dr. Kushwaha.





[3]  Doolan repeatedly states that Aat the Daubert/Robinson pre-trial hearings,@ Ticknor failed to offer expert evidence that
intoxication was a cause of the collision.  This argument is without merit. 
The hearings to which Doolan refers were held to decide Doolan=s motions to exclude the expert opinion testimony of
Department of Public Safety Trooper Stephen Jeter, of Michelle Marie Hebert,
M.D., and Darrel Wells, M.D.  The rulings on those motions have not been
appealed.  More importantly, the hearings have no application to the challenged
evidence.  Jeter=s proffered testimony was not Aexpert testimony,@
and none of the evidence at issue was the subject of a ADaubert/Robinson challenge.@  





[4]  Tex. Penal
Code Ann. ' 49.02(a) (Vernon 2003). 





[5]  Dr. Kushwaha=s
expert qualifications to testify were not challenged.













 [COMMENT1]Doolan
improperly conflates Alegal
intoxication@ with
guilt of illegally operating a motorized vehicle.  One can be legally
intoxicated operating a bicycle and at the same time be not guilty illegally
operating a motor vehicle.