**UNITED STATES of America,**
**Appellee,**

v.

**Louis Salvatore BACCARI and Ralph**
**Clifford Zanfagna, Appellants.**

**Nos. 73–1457, 73–1458.**

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Nov. 12, 1973.

Decided Dec. 26, 1973.

Rehearing Denied Jan. 18, 1974.

Carroll Samara, Oklahoma City, Okl. (Raymond J. Daniels, Providence, R. I., with him on the brief), for appellants.

Jeff R. Laird, First Asst. U. S. Atty. (William R. Burkett, U. S. Atty., with him on the brief), for appellee.

Before SETH, ALDISERT* and McWILLIAMS, Circuit Judges.

PER CURIAM.

■ Appellants challenge their convictions for perjury in violation of 18 U.S.C. § 1623. Three issues were initially raised on this appeal. The first questions the propriety of permitting a previously discharged alternate juror to replace a regular juror who became incapacitated during deliberations, when all parties agreed to the substitution. The second is whether the trial court should have imposed a "gag" order on the press with respect to mention of the results of a prior related trial. The final issue relates to the second, and questions whether a new trial should have been granted if the jury in the jury room read newspaper accounts of a prior related trial.

During the course of the oral argument herein, we were advised that the second and third issues are no longer in contention.

The facts material to the first issue can be briefly summarized: At the close of argument and before the jury retired to begin its deliberations, the alternate juror was discharged as required by Fed.R.Crim.Proc. 24(c). During and near the outset of the deliberations one of the regular jurors became incapacitated and had to be hospitalized. At the request of the trial judge a conference was held which included both defendants, their counsel, and the prosecutor. After discussing various alternatives, it was agreed by all parties that the alternate juror should be recalled and the deliberations continued. Although this conference was not included in the record, the trial judge has submitted an affidavit recounting its substance. Furthermore, following the conference the reporter was summoned, and each defendant as well as counsel stated his approval of the agreed upon plan for the record. Thereafter the juror was recalled, and deliberations continued until the guilty verdicts were reached.

Defendants do not disavow their previous knowledgeable assent to the above procedure. Their contention is simply that the procedure was improper and unauthorized, and that their assent to it could not cure the defect. Their authority for this position is the case of United States v. Virginia Erection Corp., 335 F.2d 868 (4th Cir.). In that case a new trial was ordered because the district court had allowed the alternate juror to be present during deliberations when it appeared that one of the regular jurors was becoming ill. That case is distinguishable for two reasons: First, the decision turned on the fact that there were thirteen jurors present during deliberations even though the alternate may not have participated, and the court was concerned that the presence of the extra juror violated the privacy and secrecy of the deliberations. Second, although the record indicated that counsel had consented to the added juror, there was no showing that the defendants had personally been consulted or their consent obtained. See also United States v. Beasley, 464 F.2d 468 (10th Cir.), where a thirteenth juror participated without the knowledge of the judge or parties.

■ Recall of the alternate juror without the defendants' consent would have been improper and grounds for a new trial. Nevertheless, we conclude that in consenting to the substitution, the defendants knowingly waived any objections that could have been interposed. The criteria for effective waiver of constitutional jury rights set forth in Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930), are well satisfied under the circumstances.

The convictions are affirmed.

* Of the Third Circuit, sitting by designation.