Daniel SAMUDIO, Appellant,

v.

The STATE of Texas, Appellee.

No. 546–82.

Court of Criminal Appeals of Texas,
En Banc.

Feb. 9, 1983.

Certiorari Denied June 20, 1983.
See 103 S.Ct. 3113.

Dan B. Gerson, Henry L. Burkholder, III, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Roberto Gutierrez, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

TOM G. DAVIS, Judge.

Trial was before the court upon appellant's plea of not guilty to assault, a Class A misdemeanor. V.T.C.A. Penal Code, Sec. 22.01(a)(1). After finding appellant guilty, the court assessed punishment at one year, later reduced to six months. The conviction was reversed by the Court of Appeals for the First Supreme Judicial District. 635 S.W.2d 183. We granted the State's petition for discretionary review in order to examine the Court of Appeals' holding that appellant did not waive his right to trial by jury despite his counseled acquiescence to a non-jury proceeding.

As the Court of Appeals correctly observed, a defendant in a misdemeanor case has the same right to a trial by jury as a defendant charged with a felony. *Franklin v. State,* 576 S.W.2d 621 (Tex.Cr.App. 1978). Under Art. 1.13, V.A.C.C.P., a defendant charged with a felony less than capital may waive his right to jury trial, but the waiver must be made in person by the defendant in writing in open court with the consent of the court and the State. Waiver of jury trial in misdemeanor cases is not governed by statute and does not have to be in writing. *Lamb v. State,* 409 S.W.2d 418 (Tex.Cr.App.1966).

Both parties are agreed that the record contains no evidence showing that the appellant, either orally or in writing, expressly waived his right to a jury trial. The judgment contains the form recitation, "No jury having been demanded . . ." and the docket sheet states, "pled not guilty to the Court." Neither of these writings evidences an express waiver by the appellant. The Court of Appeals rejected the State's argument that an oral waiver could be inferred from appellant's participation, without an objection from counsel, in the non-jury proceedings. The State also contended that in the face of a silent record at trial there is a presumption of regularity on ap-

peal, and that appellant had improperly "hidden behind the log" by failing to object to the absence of a jury until the case reached the appellate level.

The Court of Appeals also rejected these arguments and held that as a matter of federal constitutional law the State must establish through the trial record a knowing, intelligent, and express waiver of jury trial by the defendant.

In *Duncan v. Louisiana,* 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), the United States Supreme Court concluded that trial by jury in criminal cases is fundamental to the American scheme of justice and thus held that the Fourteenth Amendment guarantees a right of jury trial in all criminal cases involving non-petty offenses, whether the crime charged be labeled a felony or a misdemeanor.

In *Baldwin v. New York,* 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970), the Supreme Court held that no offense can be deemed petty for purposes of the right to trial by jury where imprisonment for more than six months is authorized. In Texas, Class A misdemeanors are punishable by a fine not to exceed $2,000.00, confinement in jail for a term not to exceed one year, or both. V.T.C.A. Penal Code, Sec. 12.21.

The Supreme Court has also established standards governing waiver of the right to jury trial and other rights essential to a fair trial. Since the Supreme Court has made no distinction between felonies and misdemeanors with respect to the point at which the right to a jury attaches, we see no logical reason to make such a distinction with respect to the standards governing waiver of the right to jury trial.

In the leading case of *Patton v. United States,* 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930), the Supreme Court stated:

"Not only must the right of the accused to a trial by a constitutional jury be jealously preserved, but the maintenance of the jury as a fact-finding body in criminal cases is of such importance that, before any waiver can become effective, the consent of government counsel and the

sanction of the court must be had, *in addition to the express and intelligent consent of the defendant.*" 281 U.S. 276 at 312, 50 S.Ct. 253 at 263 (Emphasis added).

■ It is extremely doubtful that consent of the court and prosecutor remains a federal constitutional prerequisite to effective waiver of jury trial.

In *Singer v. United States,* 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965), for instance, the defendant challenged the constitutionality of Fed.R.Crim.Pro. 23(a) which requires the consent of the prosecutor and the court before an accused can waive jury trial.

The Supreme Court cited *Patton,* but rather than holding that the Constitution *required* the rule in question the Court found no constitutional *impediment* to the federal criminal procedure.

The requirement in *Patton* of an express, intelligent waiver on the part of the defendant, however, is still intact. The great majority of state and federal cases discussing waiver of jury trial recognize *Patton* as the leading case on the subject. See, for example, *United States v. Baccari,* 489 F.2d 274 (10th Cir.1973); *Taylor v. State,* Wyo., 612 P.2d 851 (1980); *Short v. Commonwealth,* Ky., 519 S.W.2d 828 (1975); *State v. Olivera,* 53 Haw. 551, 497 P.2d 1360 (1972).

■ While the various state and federal courts considering the matter have developed different guidelines for determining proof of waiver, based partly on differing procedural statutes, insofar as we have researched the decisions of other forums, all are agreed that waiver of jury can never be presumed from a silent record, at least on direct appeal. *Johnson v. State,* 157 Ga. App. 155, 276 S.E.2d 667 (1981); *Countess v. State,* 286 Md. 444, 408 A.2d 1302 (1979); *State v. Irving,* 216 Kan. 588, 533 P.2d 1225 (1975); *People v. Bradley,* 266 N.E.2d 469 (1970).

In *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938), which involved waiver of the right to counsel, the

Supreme Court, relying in part on *Patton,* held that to establish such a waiver the State must demonstrate, "an intentional relinquishment or abandonment of a known right or privilege." The Court also noted that courts indulge every reasonable presumption against waiver of fundamental rights.

In *Carnley v. Cochran,* 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962), the Supreme Court held that waiver of the right to counsel cannot be presumed from a silent record. Our Court cited *Carnley* and applied it to jailable misdemeanors in *Warr v. State,* 591 S.W.2d 832 (Tex.Cr.App.1979).

In *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the Supreme Court held that a knowing and voluntary guilty plea cannot be presumed from a silent record because, inter alia, by entering such a plea the accused waives his right to jury trial.

The inescapable conclusion from the foregoing decisions is that the United States Supreme Court applies the same rule to the waiver of the right to trial by jury that it does to the waiver of the right to counsel (*Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461) in that such waiver cannot be presumed from a silent record. *Carnley v. Cochran,* 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962). See *Warr v. State,* 591 S.W.2d 832 (Tex.Cr.App.1979).

The State relies on *Buck v. State,* 599 S.W.2d 810 (Tex.Cr.App.1980) where only five jurors remained after both sides exercised their challenges in a misdemeanor case.[1] Both sides agreed in open court, with the defendant being present, that trial would be with five jurors. We held that under these circumstances where the defendant went to trial with a jury of five without making any objection known to the trial court, his action constituted a waiver. Insofar as *Buck* may be in conflict with the holding herein, the decisions of the United States Supreme Court heretofore delineated require that decision be overruled.

---

1. See *Ballew v. Georgia,* 435 U.S. 223, 98 S.Ct. 1029, 55 L.Ed.2d 234 (1978).

■ In the instant case we have only a silent record before us. The State has failed to meet its constitutional burden of establishing waiver of jury trial.

Our decision is based on what we perceive to be a fundamental federal constitutional requirement.[2]

The judgment of the Court of Appeals is affirmed.

Douglas R. Larson, Dallas, for appellant.

Henry Wade, Dist. Atty., Karen Chilton Beverly, Rick Russell and Michael Gillett, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty. and Alfred Walker, Asst., State's Atty., Austin, for the State.

**2.** Under *Baldwin v. N.Y.,* supra, this decision applies to misdemeanors where imprisonment for more than six months is authorized.