Francisco DAMIAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–83–338–CR.

Court of Appeals of Texas,
Waco.

Jan. 10, 1985.

Henry L. Burkholder, III, Law Offices of Garland D. McInnis, Jr., Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., William J. Delmore, III, Larry Schreve, Asst. Dist. Attys., Houston, for appellee.

## OPINION

JAMES, Justice.

This is an appeal from the trial court's order revoking probation.

Appellant was indicted for the offense of felony driving while intoxicated on or about July 9, 1983. The indictment pleaded a prior misdemeanor conviction on July 27, 1981, in Cause No. 623751 in Harris County Criminal Court at Law No. 3. On October 20, 1983, Appellant pleaded guilty to the felony offense, stipulated that the allegations in the indictment were true, was adjudged guilty, and was placed on three years probation.

On October 26, 1983, the State filed a motion to revoke Appellant's probation, alleging that he again committed the offense of driving while intoxicated on October 23, 1983.

On November 8, 1983, Appellant filed a motion for new trial, attacking the prior misdemeanor conviction on the grounds that he had not waived his right to trial by jury in that case. After hearing, the trial court overruled the motion for new trial on November 28, 1983. Appellant then raised the same complaint in a motion to set aside the State's motion to revoke probation. The trial court accepted a stipulation that the evidence adduced at the hearing on the motion for new trial would be considered in reference to this subsequent motion. Appellant's motion was overruled. Appellant then entered a plea of true to the allegations in the amended motion to revoke probation. The trial court revoked his probation, reforming the judgment to provide for two years confinement in the Texas Department of Corrections and payment of a $500.00 fine, from which Appellant prosecutes this appeal.

At the hearing on the motion for new trial Appellant testified that he never

waived his right to trial by jury in his prior misdemeanor case, and had not been aware at that time that he had such right.

The State called Mr. Lasof, Appellant's lawyer in the prior misdemeanor trial, who testified that he did not recall executing a written jury waiver in the prior misdemeanor trial, and could not remember whether the trial court made any oral inquiries concerning this right. Mr. Lasof further testified that he was "confident" that he had counselled with Appellant concerning his right to a "full scale trial", but could not recall whether he also informed Appellant that such trial would include a jury. This in effect was the extent of the evidence.

Appellant asserts one ground of error as follows: "The trial court committed reversible error in proceeding to revoke Appellant's felony driving while intoxicated probation, where the evidence showed that Appellant never waived his Federal right to trial by jury in his prior misdemeanor driving while intoxicated conviction." We overrule this ground of error and affirm the trial court's judgment.

 Appellant relies on *Samudio v. State*, (Tex.Cr.App.1983) 648 S.W.2d 312, cert. denied June 20, 1983, and argues that when a defendant testifies during a revocation hearing that he did not waive trial by jury in a non-jury case used for enhancement, the State should be required to present evidence showing defendant's affirmative waiver of that right. We know of no existing case law which places such a duty upon the State. In our opinion, *Samudio* is not applicable to the case at bar.

We believe the disposition of the case at bar is governed by *Hill v. State*, (Tex.Cr.App.1981) 633 S.W.2d 520, which holds that a failure to lodge a timely objection to evidence offered during trial precludes a defendant from later complaining, even if the alleged error were of constitutional dimension.

The record in the case at bar does not show that Appellant made any objection to the introduction into evidence of the prior misdemeanor conviction. Therefore, we hold that Appellant's failure to object at trial to the introduction of proof of the allegedly infirm conviction precludes Appellant from thereafter attacking a conviction that utilized the prior conviction. Also see *Wright v. State*, (Tex.Cr.App.1974), 511 S.W.2d 313.

As stated before, the case at bar is an appeal from the trial court's order revoking Appellant's probation. In *Hoskins v. State*, (Tex.Cr.App.1967), 425 S.W.2d 825, it was held that in an appeal from an order revoking probation, appellate review is limited to the question of whether an abuse of the trial court's discretion is shown concerning the propriety of the revocation itself, and does not include review of the original conviction.

For the reasons hereinabove stated, we affirm the trial's judgment.

**AFFIRMED**