**Rodolfo PEREZ GARZA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–85–0721–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

April 10, 1986.

Randy R. Holzapple, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., J. Harvey Hudson and Claire Connors, Harris County Asst. Dist. Attys., Houston, for appellee.

Before DUGGAN, DUNN and LEVY, JJ.

OPINION

DUNN, Justice.

Appellant was charged by indictment with the offense of felony theft, under the provisions of Tex.Penal Code Ann. sec. 31.-03(e)(4)(C) (Vernon Supp.1986). That section authorizes a felony conviction if the value of the property stolen is less than $750, and the defendant has been previously convicted two or more times of any grade of theft. Appellant entered a plea of guilty, and the court assessed punishment at 5 years confinement.

■ In his first ground of error, appellant urges that the trial court erred in failing to grant his motion to strike one of the supporting theft convictions. He attacks the prior conviction on the ground that the record fails to show an express waiver of his right to a jury trial, and relies upon the Court of Criminal Appeals' holding in *Samudio v. State*, 648 S.W.2d 312 (Tex.Crim.App.1983).

In *Samudio*, both parties agreed that the record contained no evidence showing that the accused, either orally or in writing, expressly waived his right to a jury trial.

The judgment contained a form recitation that no jury had been demanded, and the docket sheet stated, "pled not guilty to the court." The court found that this amounted to a silent record and held that the State had failed to meet its constitutional burden of establishing waiver of jury trial. *Id.* at 315.

But here, we are not faced with a silent record. In response to appellant's motion to strike the supporting conviction, the State offered into evidence, without objection, a certified copy of the docket sheet relating to that conviction. The docket sheet was stamped with the notation "jury waived by defendant in person and in writing."

We hold that the trial court correctly denied appellant's motion to strike the supporting conviction.

Appellant's first ground of error is overruled.

■ Appellant's final ground of error contends that the trial court erred in failing to grant his motion to quash the indictment for failure to state an offense.

In pertinent part, the indictment alleges that appellant "did appropriate acquiring and otherwise exercising control over property". Appellant's specific complaint is that the indictment failed to allege that appellant "did appropriate *by* acquiring and otherwise exercising control over property."

It is well-settled that the omission of a word or words in an indictment is not fatal if that part omitted is not essential to the certainty necessary in the description of the offense and does not affect the meaning. *Ansley v. State,* 468 S.W.2d 862, 864 (Tex.Crim.App.1971). We find that the wording of the indictment was sufficient to allege the offense of theft, despite the omission of the preposition "by", and we overrule appellant's final ground of error.

The judgment of the trial court is affirmed.