Michael Charles **EDDINGS, Appellant,**

v.

The **STATE of Texas, Appellee.**

No. 09–93–061 CR.

Court of Appeals of Texas, Beaumont.

May 18, 1994.

Terry G. Collins, Houston, Michael C. Eddings, Humble, for appellant.

Terrence Holmes, Asst. County Atty., John Kimbrough, County Atty., Orange, for the State.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BROOKSHIRE, Justice.

In mid April, 1992, the appellant, Eddings, was charged with driving while intoxicated in Orange County. The appellant, a practicing attorney, was notified by Orange County Clerk's letter of July 31, 1992, to appear in person on August 11, 1992, for arraignment before the judge of the County Court at Law, Orange County. The appellant appeared as directed and waived arraignment and *entered a plea of not guilty.* Subsequently the case was set for a trial on the merits for February 15, 1993. On this February date the case was called for trial. Appellant again entered a plea of not guilty.

Appellant maintains that there was no knowing, intelligent and voluntary (either written or oral) *waiver of a jury by the appellant.* Trial was before the court without a jury. Appellant made no objection to the bench trial. Defendant was found guilty of driving while intoxicated. The court set the punishment at a $300 fine and court costs, and six months in jail, probated for a period of six months.

■ The appellant presents a sole point of error.

The Trial Court erred in proceeding to trial without a jury because there was no knowing and intelligent waiver by appellant of his right to a trial by jury.

In his brief, the appellant recites that on April 11, 1992, at approximately 1:50 a.m. the appellant, Michael C. Eddings, was stopped and arrested while travelling west bound on I–10 in Orange County, just west of the Sabine River bridge. The appellant had been to the horse races at Delta Downs in Vinton, Louisiana. He was a licensed owner and had horses competing in sanctioned races. Appellant was in route home to his residence on Bonnie Glen, Kingwood, Harris County.

Appellant insists that a careful review of the entire record *does not reflect a waiver* of the appellant's right to a jury trial *by the appellant.* Appellant insists on appeal that a defendant in a misdemeanor case has the same right to a trial by jury as a defendant charged with a felony. Concededly, a defendant charged with a felony less than capital may waive his right to a jury trial, but the waiver must be in person by the defendant in writing and in open court with the consent of the court and the State. Tex.Code Crim. Proc.Ann. art. 1.13 (Vernon Supp.1994).

Appellant places major reliance on *Samudio v. State,* 648 S.W.2d 312 (Tex.Crim.App.), *cert. denied,* 462 U.S. 1132, 103 S.Ct. 3113, 77 L.Ed.2d 1368 (1983). Also *see and compare Lamb v. State,* 409 S.W.2d 418 (Tex.Crim. App.1966).

Appellant argues that the right of an accused in a misdemeanor offense to a trial by a constitutional jury, must be jealously guarded and that the maintenance of a jury of peers as a fact finding body in criminal cases is of such importance and gravity that, before any waiver can be affected, the consent of the court must be had and in addition thereto there must have existed the expressed, knowing, intelligent consent of the defendant himself. *Samudio, supra.* At the heart of the appellant's argument is the constitutional safeguard that a waiver of jury is not to be and cannot be presumed from a silent record on a direct appeal. *Id.* Simply put, there must be some affirmative, expressed, knowing, and intelligent waiver on the part of the misdemeanor defendant to effectively waive that defendant's right of trial by jury. Appellant's argument does not claim that the waiver must be in writing.

The prosecution's response is that the appellant waived any objection to being tried and convicted without a jury trial, when he (along with his trial counsel) failed to object to proceeding to trial without a jury. The State argues that appellant also made a waiver at the time of sentencing. The State relies, in part, on this: "Thereupon the said

defendant was asked by the court whether he had anything to say why sentence should not be pronounced upon him and he answered nothing in bar thereof." However, the State's arguments under recent decisional precedents are not persuasive. *Meek v. State*, 851 S.W.2d 868 (Tex.Crim.App.1993); *State ex rel. Curry v. Carr*, 847 S.W.2d 561 (Tex.Crim.App.1992).

Further the State argues either the appellant or his attorney, Terry Collins, called and requested a bench trial. An implied oral waiver of a jury trial (from someone) is reflected on the docket sheets. The cause was more than once set for a bench trial according to the docket entries.

Then, the County Court at Law mailed to the appellant's attorney a letter on October 8, 1992, stating the following:

RE: 59654; MICHAEL EDDINGS (BENCH TRIAL)

Dear Sir:

This is to advise you that the above numbered and entitled cause of action is set for a bench trial on the 10th day of November, 1992, at 1:30 p.m.

The cause was reset apparently twice. Therefore, a second letter mailed on or about January 8, 1993, was issued by the County Court at Law. This second letter was mailed to appellant's counsel. The second letter set the cause for a bench trial and was virtually the same as the first letter.

Then, on February 15, 1993, the appellant appeared in open court with his attorney. The presiding judge asked the defense if they were ready to proceed. Counsel for appellant responded by saying: "Yes, sir. Thank you Judge, we are ready." The bench trial began without objection from appellant or his attorney of record.

On the pertinent criminal docket sheets, the only two entries that we think are relevant merely state:

1/11/93 Set for a bench trial 2–15–93 at 1:30 p.m.

2/15/93 Bench trial 1:37 p.m. Testimony evidence Guilty. $300 fine & costs.

. . . .

Mar 8/93 Bench Trial—judgment and sentence.

There is another docket entry using a printed stamp for March 8, 1993, stating:

Mar 8/93 Bench Trial. Defendant arraigned; Information read; The Defendant having waived right to counsel, and although duly admonished by the Court, entered a plea of *guilty;* a jury being waived, the evidence was heard before the Court, and the Defendant was found to be guilty of the offense charged. . . .

The docket sheet indicated that the defendant's six months jail time is probated for six months.

However, there was a separate, formal judgment and sentence distinct from the docket entries. This judgment and sentence provided, inter alia, for the terms and conditions of probation. In that formal judgment and sentence we do not see that any type of waiver of a right of trial by jury was recited in the formal judgment and sentence signed by the trial court and entered March 8, 1993. Undoubtedly the appellant pleaded not guilty in open court at trial. This definitely contradicts the *last docket sheet entry.*

Basically, the appellant's position was although he was a duly licensed attorney at law of Texas, his practice was mainly a civil practice and he was unfamiliar with criminal law procedure.

The defendant took the stand in his own behalf and stated that he was familiar with and had practiced civil trial law and civil litigation. He had also represented a few clients in DWI cases but the same had been settled or worked out in some manner.

After the appellant filed his brief pro se, (although he had a separate, retained attorney at trial), the State filed a motion to supplement the record in order to show a waiver of a jury trial. We granted the State's motion.

Pursuant to the motion of the State, we ordered the clerk of the trial court to prepare a supplemental transcript which includes all documents touching upon a waiver of the appellant's right to a jury trial. The State's motion, in its basic thrust, was that the County Court at Law of Orange County

and the official records thereof along with court clerk's communication show that an oral waiver and or an affirmative waiver of a jury trial existed on the part of the appellant and/or the counsel for the appellant.

The Orange County Clerk of the court responding to our order wrote:

> As per our conversation yesterday, this letter is to inform you that I find no document in papers filed in our criminal cause number 59654, styled *The State of Texas v. Michael Charles Eddings*, that shows waiver of a jury trial.

■ The record is devoid of any affirmative or written waiver of a trial by jury initiated or pronounced by the appellant himself. We can no longer assume the regularity and correctness of the docket sheet entries in the form of a lengthy stamp. That stamped docket sheet entry is erroneous at least in this regard: that docket entry states that the defendant entered a plea of guilty. This is incorrect. The statement of facts of the whole trial proved this to be an erroneous entry.

■ In sum, we conclude that there is no recitation in the judgment of conviction and sentence that set forth that the right of a trial by jury was waived. That recitation is totally absent. We no longer can presume the regularity and correctness of the judgment, sentence, and—of the docket sheet entries especially the stamped one. We conclude there was no explicit waiver by the defendant himself of his right to have a jury trial. *See Meek v. State*, 851 S.W.2d 868 (Tex.Crim.App.1993); *State ex rel. Curry v. Carr*, 847 S.W.2d 561 (Tex.Crim.App.1992). There is no instrument in writing in the transcript or in the trial proceedings or the statement of facts signed by the defendant himself expressly waiving his right of trial by a jury. An implicit waiver or going forward with the trial to the court *is not sufficient. The burden is upon the State to show an express waiver of right of trial by jury.*

Before the recent amendment to Art. 1.13 of the Texas Code of Criminal Procedure, Art. 1.13 provided in substance and relevant part that the defendant in a criminal prosecution for any offense classified as a felony less than capital shall have the right, upon entering a plea, to waive the right of trial by jury.

Eddings' trial was conducted on the 15th day of February, 1993. Prior to that time Art. 1.13 entitled "Waiver of trial by jury" had been amended. The amendment was in effect. Article 1.13 reads in subsection (a):

> The defendant in a criminal prosecution for any offense other than a capital felony case in which the State notifies the court and the defendant that it will seek the death penalty shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that such waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State. The consent and approval by the court shall be entered of record on the minutes of the court, and the consent and approval of the attorney representing the State shall be in writing, signed by him, and filed in the papers of the cause before the defendant enters his plea.

Article 1.13, as amended, is clear and now applies to any offense other than a capital felony in which the death penalty is sought. The offense no longer has to be classified as a felony for the amended Art. 1.13 to apply and to govern. Since this was trial error, the judgment below is reversed and the cause is remanded for a trial on the merits.

REVERSED AND REMANDED.