Affirmed and Memorandum Opinion filed April 2, 2009








Affirmed
and Memorandum Opinion filed April 2, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-01066-CR

____________

 

EX PARTE GEORGE
VASQUEZ

 

 



 

On Appeal from the County Criminal
Court at Law No. 7

Harris County, Texas

Trial Court Cause No. 1557578

 



 

M E M O R A N D U M   O P I N I O N








This is
an appeal from the denial of an application for habeas corpus relief from a
misdemeanor conviction.  See Ex parte Jordan, 659 S.W.2d 827, 828 (Tex.
Crim. App. 1983) (holding that appeals from the denial of relief sought in
misdemeanor post-conviction writs of habeas corpus are properly directed to the
intermediate courts of appeals).  On March 2, 1978, appellant entered a guilty
plea to driving while intoxicated, and he was sentenced to three days in jail,
with credit for two days served, and assessed a $200 fine.  No appeal was
taken.  Thirty years later, appellant challenges his conviction, asserting he
was deprived of a jury trial, was not informed of his right to a jury trial
before he entered his plea, did not waive his right to a trial by a jury, and
the judgment is fatally defective.[1]  We affirm.

For a
court to have jurisdiction over a habeas application in a misdemeanor case
under section 11.09 of the Code of Criminal Procedure,[2]
an applicant must be confined or restrained by either a charge or a
conviction.  See Ex parte Schmidt, 109 S.W.3d 480, 483 (Tex. Crim. App.
2003).  Appellant certainly is no longer confined in jail by this conviction. 
However, the jurisdiction of the county court to issue the writ of habeas
corpus is not limited to cases in which the applicant is confined.  Id.
at 481.  Collateral consequences related to a conviction, such as the use of
the conviction to enhance punishment in other cases, may also constitute
confinement.  Ex parte Crosley, 548 S.W.2d 409, 410 (Tex. Crim. App.
1977); see State v. Collazo, 264 S.W.3d 121, 126 (Tex. App.CHouston [1st Dist.] 2007, pet. ref=d) (noting that Athe fact that [an applicant] is not
physically confined does not preclude his application or deprive the trial
court of jurisdiction@).  For example, in Ex parte Davis, the First Court
held that an applicant denied entry into the military as a result of his prior
misdemeanor conviction was sufficiently confined to authorize his application
for writ of habeas corpus.  748 S.W.2d 555, 557 (Tex. App.CHouston [1st Dist.] 1988, pet. ref=d).








To
prevail on a writ of habeas corpus, the proponent must prove his allegations by
a preponderance of the evidence.  Ex parte Thomas, 906 S.W.2d 22, 24
(Tex. Crim. App. 1995) (en banc).  We review a trial court=s ruling on an application for a writ
of habeas corpus under an abuse of discretion standard.  Kniatt v. State,
206 S.W.3d 657, 664 (Tex. Crim. App. 2006). 

The
trial court filed written findings of fact and conclusions of law.  In
conducting our review, we accord great deference to the trial court=s findings and conclusions and must
be particularly mindful that the trial court is the exclusive judge of the
credibility of the witnesses.  Ex parte Amezquita, 223 S.W.3d 363, 367
(Tex. Crim. App. 2006).  Such deference must be given even when, as in this
case, all of the evidence is submitted by affidavits.  See Ex parte Wheeler,
203 S.W.3d 317, 325‑26 (Tex. Crim. App. 2006).

In
appellant=s application for writ of habeas corpus, he raised two grounds for
relief: (1) there is no valid jury waiver; and (2) the judgment was not signed
by the trial court. 

The
court found that appellant=s habeas application is barred under the doctrine of laches. 
The doctrine of laches operates to bar a party=s claim after he has neglected to
assert that claim for an unreasonable and unexplained length of time under
circumstances permitting diligence.  Ex parte Carrio, 992 S.W.2d 486,
487 n.2, 488 (Tex. Crim. App. 1999).  The doctrine of laches is based upon the
maxim that equity aids the vigilant and not those who sleep on their rights.  In
re Steptoe, 132 S.W.3d 434, 439-40 (Tex. Crim. App. 2004) (Price, J.,
concurring).  The Court of Criminal Appeals has recognized that the doctrine of
laches is a theory that may, and should be, employed in the determination of
whether to grant habeas corpus relief.  Corrio, 992 S.W.2d at 488.  In
order to prevail on a laches claim, respondent must make a particularized
showing of prejudice.  Id. (citing the federal rule with approval).  The
length of delay alone will not constitute either unreasonableness of delay or
prejudice.  Id. 








Appellant
asserts that the record is silent as to a waiver of the right to a jury trial. 
Waiver of a jury cannot be presumed from a silent record on direct appeal.[3] 
Samudio v. State, 648 S.W.2d 312, 314 (Tex. Crim. App. 1983).  This
record is not silent.  The State provided affidavits from the trial judge and
appellant=s counsel in the 1978 proceeding averring that their custom was to ensure
that it was explained to each defendant that waiver of their right to a jury
trial was a consequence of a guilty plea.

The only
document provided from the court file on the 1978 conviction is the judgment
with attached sentence, neither of which contain an express waiver of the right
to a jury trial.[4]  There are no
other documents relating to the plea; specifically, there is no plea agreement,
no judicial confession, or stipulation of evidence.  The trial court found that
a Certificate of Record Search provided by the Harris County District Clerk
showed that unspecified records in this case had been destroyed. 

Thus,
the State made a particularized showing of prejudice by the inability to
produce records showing appellant knowingly waived a jury trial.  Laches is
appropriate to bar a claim that the record is silent when there is evidence
that parts of the record have been destroyed due to the passage of time.  








The
trial court also found that appellant=s affidavit claiming that no oneC not his attorney, the trial judge,
or the prosecutorC informed him he had a right to a jury trial was not credible
because of appellant=s failure to challenge the plea during the last thirty years,
combined with his long criminal history.[5] 
The Court of Criminal Appeals has recognized that in some circumstances, the
applicant=s delay in seeking relief can prejudice the credibility of his claim.  See
Ex parte Young, 479 S.W.2d 45, 46 (Tex. Crim. App. 1972).  The testimony of
the defendant alone is insufficient to rebut the presumption of regularity in
the judgment.  Reeves v. State, 500 S.W.2d 648, 649 (Tex. Crim. App.
1973);  Brown v. State, 917 S.W.2d 387, 390 (Tex. App.CFort Worth 1996, pet. ref=d).  We conclude that the trial court
did not abuse its discretion in determining that appellant=s claim that he did not waive his
right to a jury trial was not credible.

In
appellant=s second ground, he asserted that the judgment is defective because it
was not signed by the trial judge.  The statute requiring the judge=s signature on judgments and
sentences, section 1 of article 42.01 of the Code of Criminal Procedure,
applies only to judgments entered after September 1, 1981.  Jones v. State,
843 S.W.2d 92, 100-01 (Tex. App.CDallas 1992, pet. ref=d).  See Act of June 8, 1981,
67th Leg., R.S., ch. 291, ' 149, 1981 Tex. Gen. Laws 761, 820.  The trial court found
that the lack of a signature did not invalidate the presumptive validity of the
judgment.  Because there was no signature requirement when appellant was
convicted in 1978, the trial court did not abuse it discretion in denying
appellant=s claim for relief.

In
conclusion, we hold that the trial court did not abuse its discretion in
denying appellant=s application for habeas corpus relief.  We affirm the order
of the trial court.  

 

PER CURIAM

 

Panel consists of Chief Justice Hedges and Justices
Anderson and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  Appellant=s
counsel has not favored the Court with a brief in this appeal, despite being
granted an extension of time until February 27, 2009.  In an appeal from an
order in a habeas corpus proceeding, the court of appeals may determine whether
it desires briefs.  Tex. R. App. P. 31.1. 
Habeas corpus appeals are to be heard at the earliest practicable time.  Tex.
R. App. P. 31.2.  Accordingly,
the Court has determined that it will consider this appeal on the record
without briefs.





[2]  The statute provides as follows:

If a
person is confined on a charge of misdemeanor, he may apply to the county judge of the county in which the
misdemeanor is charged to have been committed, or if there be no county judge
in said county, then to the county judge whose residence is nearest to the
courthouse of the county in which the applicant is held in custody.

Tex. Code Crim. Proc. Ann. art. 11.09 (Vernon 2005) (emphasis
supplied).





[3]  We assume, without deciding, that a silent record is
also insufficient in a habeas proceeding.  But see West v. State, 720
S.W.2d 511, 519 (Tex. Crim. App. 1986) (holding that in a collateral attack,
the burden is on the party attacking the validity of a conviction to show that
the entire record is silent as to jury waiver),  Bruce v. State, 744
S.W.2d 618, 619 (Tex. App.CHouston [1st
Dist.] 1987, pet. ref=d) (recognizing that the rule in Samudio was
limited to direct appeals).  





[4]  There is also no transcription of a hearing on the
plea proceeding included the record.  At the time of appellant=s 1978 plea, misdemeanor jury waivers were not
required to be in writing. See State v. Welch, 810 S.W.2d 13, 16 (Tex.
App.CAmarillo 1991, no pet.). 





[5]  The trial court found that during the intervening
thirty years, appellant was twice convicted of misdemeanor driving under the
influence of drugs, misdemeanor driving while intoxicated reduced from a
felony, felony driving while intoxicated, another misdemeanor driving while
intoxicated, a second felony driving while intoxicated, and when this
application was filed, he was charged with a third felony driving while
intoxicated.  The court added that appellant entered a guilty plea to this
latest charge, on September 4, 2008, and received a seven-year probated
sentence.