# NO. 12-13-00318-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TAMMY TURNER BINGHAM,* *APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *VAN ZANDT COUNTY, TEXAS* |

## *OPINION*

Tammy Turner Bingham appeals her conviction for driving while intoxicated, a Class B misdemeanor, for which she was sentenced to ninety days in jail and a $1,000 fine. Appellant raises three issues on appeal. The State did not file a brief. We affirm.

## BACKGROUND

Appellant was driving at night without her headlights on and failed to signal a lane change. Officer Justin Priest with the Canton Police Department witnessed these traffic violations and initiated a traffic stop. When he made contact with Appellant, Priest believed that Appellant could be intoxicated because she smelled of alcohol, her speech was slurred, and her eyes were bloodshot and glassy.

Appellant admitted consuming alcohol, but denied that she was intoxicated. Priest called for backup. Trooper Odie Phillips with the Texas Department of Public Safety arrived on the scene. Phillips administered several field sobriety tests to Appellant, and she failed all of them. Also, Appellant had an open container of alcohol in the cup holder of her vehicle.

Phillips arrested Appellant. He asked Appellant if she would provide a breath sample to determine her blood alcohol content, but she refused. Appellant was charged with driving while intoxicated, first offense, a Class B misdemeanor.[1]

The matter proceeded to trial. However, after jury selection, Appellant, through her counsel, informed the trial court that she wished to plead guilty and have the court determine her punishment. The trial court then had Appellant testify outside the presence of the jury.

Appellant's counsel conducted the examination of Appellant. Appellant confirmed that she wanted to change her plea to guilty. She agreed to waive her right to a jury trial and her right to not testify against herself. She conceded that she knew the range of punishment for her offense was 3 days to 180 days in jail and a fine not to exceed $4,000. She agreed that her driver's license could be suspended because of her conviction. And she confirmed that she was giving up all of those rights freely, knowingly, and voluntarily, and that she was pleading guilty.

After counsel concluded his examination, the following exchange occurred between the trial court and Appellant:

> Court: So, [Appellant], you understand we've got a jury here and we're about to bring them out, and nobody is forcing you to do this, right? You are doing this willingly on your own?
>
> Appellant: Yes sir.
>
> Court: All right. I'm going to go ahead and let the jury go and tell them you pled guilty, and you are going to the court for punishment. That's what you want to do?
>
> Appellant: Yes sir.

Following this exchange, the jury was brought into the courtroom. The trial court told the jury that "[Appellant] has decided to plead guilty to this charge and, in fact, she pled guilty before me, and she has decided to go to the court for punishment, not to the jury." The trial court then dismissed the jury.

The trial court heard evidence and argument relevant to Appellant's punishment. The State recommended community supervision, and specifically argued that Appellant should be sentenced to 180 days in jail, suspended for two years, and a fine of $1,500. The trial court sentenced Appellant to ninety days in jail and a fine of $1,000. This appeal followed.

---

[1] *See* TEX. PENAL CODE ANN. § 49.04 (West Supp. 2014).

2

When Appellant appealed to this court, the trial court's certification stated that she had the right to appeal her sentence but that she had waived the right to appeal as to guilt. We reviewed the record and found no documentation that Appellant had waived the right to appeal as to guilt. Accordingly, we remanded the appeal and ordered the trial court to complete a certification specifically addressing how Appellant had waived that right. The trial court issued another certification, which stated that it based its finding of waiver on the language in the original certification,[2] which Appellant and her trial counsel signed; on trial counsel's statement that Appellant wished to appeal the sentencing portion of the case; on the notice of appeal, which specifies that Appellant intended to appeal the sentence but does not mention an appeal as to guilt; and on the fact that Appellant had the opportunity to discuss her options with counsel.

"A waiver of the right to appeal made voluntarily, knowingly, and intelligently will prevent a defendant from appealing without the consent of the trial court." *Ex parte Broadway*, 301 S.W.3d 694, 697 (Tex. Crim. App. 2009). The evidence cited by the trial court in its certification shows that Appellant intended to appeal the sentence in her case; however, it does not show that she voluntarily, intelligently, and knowingly executed a waiver of her right to appeal as to guilt. Therefore, we conclude that we have jurisdiction over the appeal, the appeal is fully before this court, and we will not limit its scope as suggested by the trial court's certification. *See Kelley v. State*, No. 12-13-00267-CR, 2014 WL 3368437, at *1 (Tex. App.–Tyler July 9, 2014, no pet.) (mem. op., not designated for publication); *Nichols v. State*, 349 S.W.3d 612, 615 (Tex. App.– Texarkana 2011, pet. ref'd).

## WAIVER OF JURY TRIAL

In her first issue, Appellant contends that the trial court erred when it conducted a bench trial in the absence of prosecutorial consent to Appellant's waiver of a jury trial.

### Applicable Law

A defendant charged with a misdemeanor has a right to a trial by jury. *See* TEX. CODE CRIM. PROC. ANN. art. 1.13(a) (West Supp. 2014); *Samudio v. State*, 648 S.W.3d 312, 313 (Tex. Crim. App. 1983). But a defendant can waive her right to a jury. *Id*. The defendant's waiver of a

---

[2] That certification states, "The Defendant has waived the right to appeal as to guilt. It is not a plea-bargain case, and the defendant has the right to appeal the sentence imposed by the court."

jury trial must be in writing in open court with the consent and approval of the trial court and the state's attorney. *Id*.

The requirements that a waiver of the right to a jury trial be in writing and approved by the trial court and the state's attorney are statutory, not constitutional, in nature. *See Johnson v. State*, 72 S.W.3d 346, 348 (Tex. Crim. App. 2002). Therefore, when as here, a defendant alleges that there was no prosecutorial consent to a waiver of a jury trial rather than no jury waiver at all, she alleges statutory error, and not constitutional error. *See id*. We review nonconstitutional error to determine whether it affected the defendant's substantial rights. TEX. R. APP. P. 44.2(b); *Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001). An error affects a substantial right "when the error had a substantial and injurious effect or influence" in determining the verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).

Further, under the law of invited error, a defendant cannot take advantage of an error that she invited or caused, even if the error is fundamental. *Woodall v. State*, 336 S.W.3d 634, 644 (Tex. Crim. App. 2011). Invited error is a form of estoppel, rather than waiver. *See id*. In other words, a defendant is estopped from seeking appellate relief based on error that she induced, and it is based on the principle that a defendant should not be allowed to take advantage of her own wrong. *Id*. Consequently, the definition of error excludes trial court actions sought by the defendant. *Ripkowski v. State*, 61 S.W.3d 378, 389 (Tex. Crim. App. 2001). Thus, when a defendant affirmatively seeks action by the trial court, she cannot later contend that the action was error. *Prytash v. State*, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999).

Moreover, as a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling with sufficient specificity to make the trial court aware of the complaint. *See* TEX. R. APP. P. 33.1(a)(1)(A). The trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or if the trial court refused to rule, the complaining party must have objected to the refusal. *See* TEX. R. APP. P. 33.1(a)(2). As the court of criminal appeals has explained,

> [t]he purpose of requiring a specific objection in the trial court is twofold: (1) to inform the trial judge of the basis of the objection and give him the opportunity to rule on it; [and] (2) to give opposing counsel the opportunity to respond to the complaint . . . . [A] party must be specific enough so as to "let the trial judge know what he wants, why he thinks himself entitled to it, and do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it.

4

*Resendez v. State*, 306 S.W.3d 308, 312-13 (Tex. Crim. App. 2009) (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)). When a party fails to effectively communicate her argument, any error will be deemed forfeited on appeal. *See Resendez*, 306 S.W.3d at 313.

**Application**

From our review of the record, it appears that the trial court failed to comply with the statutory requirements of Texas Code of Criminal Procedure Article 1.13(a). However, the trial court's actions were in direct response and acquiescence to the requests of Appellant and her counsel. As a result, under the law of invited error, Appellant cannot now complain of the trial court's actions in dismissing the jury and conducting a bench trial. *See Prytash*, 3 S.W.3d at 531.

Additionally, Appellant never objected to the trial court's dismissing the jury and conducting a bench trial. Therefore, if the trial court committed error by these actions, Appellant forfeited the error. *See Resendez*, 306 S.W.3d at 313.

We overrule Appellant's first issue.

SUFFICIENCY OF THE EVIDENCE

In her second issue, Appellant claims that the evidence is legally insufficient to support her conviction because Appellant did not plead guilty to the offense.

**Applicable Law**

A defendant may plead guilty to a misdemeanor in open court herself or through her counsel. TEX. CODE CRIM. PROC. ANN. art. 27.14(a) (West Supp. 2014).When a defendant pleads guilty, the United States Constitution does not require that the state present evidence in support of the guilty plea. *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009). Texas law requires "sufficient evidence to support" the guilty plea in felony cases, but not in misdemeanor cases. *See* TEX. CODE CRIM. PROC. ANN. art. 1.15 (West 2005).

**Application**

Appellant contends that she did not plead guilty to the crime of driving while intoxicated, first offense. Her contention is not supported by the record.

During questioning by her counsel, Appellant stated that she was pleading guilty. The trial court asked Appellant again, and Appellant agreed that she was pleading guilty. The trial court told the jury, "[Appellant] has decided to plead guilty to this charge and, in fact, she pled guilty

5

before me, and she has decided to go to the court for punishment, not to the jury." Appellant failed to object to the trial court's statement to the jury. We conclude that Appellant pleaded guilty.

Further, although not required to do so, the State presented sufficient evidence to support Appellant's guilty plea. Three exhibits (a police report and two video recordings of the officers' investigation of Appellant) were admitted into evidence without objection. Police officers observed Appellant's driving. After Appellant was stopped, she admitted that she had been drinking. In the police report, the officers opined that Appellant was intoxicated. And in the video recordings we reviewed as part of the appellate record, Appellant demonstrated indisputably that she had lost the normal control of her mental or physical faculties. *See* TEX. PENAL CODE ANN. §§ 49.01(2); 49.04(a) (West 2011 & West Supp. 2014). Thus, the State presented sufficient evidence that Appellant was driving while intoxicated.

We overrule Appellant's second issue.

### ADMONITIONS

In her third issue, Appellant contends that the trial court erred when it failed to properly admonish Appellant before accepting her guilty plea.

**Applicable Law**

Prior to accepting a guilty plea, the trial court must admonish the defendant. TEX. CODE CRIM. PROC. ANN. art. 26.13(a) (West Supp. 2014). The admonishments must include, among other things, the range of the punishment for the offense, and the fact that if the defendant is not a citizen of the United States of America, a plea of guilty may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law. *Id.* art. 26.13(a)(4). "[S]ubstantial compliance by the court is sufficient, unless the defendant affirmatively shows that [s]he was not aware of the consequences of his plea and that [s]he was misled or harmed by the admonishment of the court." *Id.* art. 26.13(c) (West Supp. 2014). The admonishments may be given orally or in writing. *Id.* art. 26.13(d) (West Supp. 2014).

These admonitions serve to protect several constitutional rights of the defendant, but the statutory admonitions are not constitutionally required. *VanNortrick v. State*, 227 S.W.3d 706, 708 (Tex. Crim. App. 2007). Thus, a trial court's failure to provide the statutory admonishments required by Article 26.13 is nonconstitutional error subject to harm analysis under Texas Rule of Appellate Procedure 44.2(b). *Id.*

6

We review nonconstitutional error to determine whether it affected the defendant's substantial rights. TEX. R. APP. P. 44.2(b); *Johnson v. State*, 43 S.W.3d at 4. An error affects a substantial right "when the error had a substantial and injurious effect or influence" on the verdict. *King v. State*, 953 S.W.2d at 271. When examining nonconstitutional error in the context of a guilty plea, the critical issue is whether "we have fair assurance that the defendant's decision to plead guilty would not have changed" had the trial court provided the mandatory admonishments. *Anderson v. State*, 182 S.W.3d 914, 919 (Tex. Crim. App. 2006).

When the record shows a defendant to be a United States citizen, the trial court's failure to admonish her on the immigration consequences of her guilty plea is harmless because the threat of deportation could not have influenced that defendant's decision to plead guilty. *VanNortrick*, 227 S.W.3d at 709. Further, we should draw reasonable inferences from facts in the record in determining whether a defendant is a United States citizen. *Id*. at 710-11.

**Application**

The trial court clearly failed to admonish Appellant. Thus, the trial court committed error. However, we must determine whether the error was harmful.

Appellant specifically complains about the trial court's failure to provide two of the statutory admonishments. First, Appellant contends that she was harmed by the trial court's failure to provide her with the range of punishment for the offense charged. Second, Appellant contends that she was harmed by the trial court's failure to admonish her regarding the immigration consequences of a guilty plea to a noncitizen of the United States.

The record demonstrates that Appellant was aware of the range of punishment before she pleaded guilty. After jury selection, Appellant's counsel informed the trial court that Appellant wished to plead guilty and proceed before the trial court for punishment. In response, the trial court had Appellant's counsel question Appellant on the record. Counsel specifically asked Appellant if she understood "the range of punishment for this case is anywhere from three days up to 180 days in the Van Zandt County jail and or a fine not to exceed $4,000." Appellant said that she understood. Appellant then told the trial court that she still wished to plead guilty. Appellant was not harmed by the trial court's failure to provide her with the range of punishment for the offense charged.

Appellant's attorney did not question her about the immigration consequences of her plea. But the record shows that Appellant has a Texas driver's license and has worked as a teacher. Additionally, Appellant's Van Zandt County Jail Book-In Sheet was admitted at trial as part of an

exhibit, and Appellant is identified as a United States citizen in that document. From these facts, we can reasonably infer that Appellant is a United States citizen. *See VanNortrick*, 227 S.W.3d at 711. Accordingly, we conclude that Appellant was not harmed by the trial court's failure to admonish her regarding the immigration consequences of a guilty plea by a noncitizen of the United States.

We overrule Appellant's third issue.

## DISPOSITION

Having overruled Appellant's first, second, and third issues, we *affirm* the judgment of the trial court.

**BRIAN HOYLE**
Justice

Opinion delivered November 25, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

8



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 25, 2014**

**NO. 12-13-00318-CR**

**TAMMY TURNER BINGHAM,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the County Court at Law

of Van Zandt County, Texas (Tr.Ct.No. 2012-00413)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted Worthen, C.J., Griffith, J., and Hoyle, J.*