# NO. 12-22-00300-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RICHARD CASTLE NICHOLS,* *APPELLANT* | § | *APPEAL FROM THE 7TH DISTRICT* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Richard Castle Nichols appeals his conviction for continuous sexual abuse of a child. In his sole issue, Appellant contends the trial court violated his constitutional rights by holding a bench trial when the record does not demonstrate that he waived his right to a jury trial. We affirm.

## BACKGROUND

Appellant was indicted for continuous sexual assault of a child. During "recall docket" proceedings on November 1, 2022, defense counsel stated that Appellant failed to respond to counsel's attempts to communicate with him regarding a plea offer. After asking some questions, Appellant indicated on the record that he wished to accept the State's offer and enter into a plea–bargain agreement. The trial judge stated, "any dilly-dallying and I'll stop the plea process immediately and we'll bring this jury up. . . . So[,] if you vacillate, we're stopping the hearing. So[,] if you want to sign these papers, sign them. If you don't want to sign them, just tell your lawyer[.]"

Later the same day, the trial judge stated, "I have plea papers here, so that makes me think this is going to be a plea." Appellant stated that he did not believe his lawyer provided adequate assistance, and the trial judge stated, "I'm not going to accept your guilty plea unless you are guilty. . . . So[,] you need to decide today if you really are guilty or if you're not guilty. And if

you're not guilty, we have a jury waiting for you." Appellant said, "I am guilty, so we'll continue, please with the plea." The following colloquy then occurred:

> THE COURT: Mr. Nichols, do you understand that you have the right to have a jury trial?
> THE DEFENDANT: Yes, ma'am.
> THE COURT: If you have a jury trial, the jury would hear all of the evidence in your case; and at the end of the evidence, the jury could not find you guilty unless the State had proved, beyond a reasonable doubt, that you are . . . guilty as charged in the indictment. Do you understand that?
> THE DEFENDANT: Yes, ma'am.
> THE COURT: If you have a jury trial, you have the rights to call witnesses, cross-examine and confront the State's witnesses; the right to require the State to prove its case against you, if it can, beyond a reasonable doubt; the right to testify or not as you choose. Do you understand you have those rights?
> THE DEFENDANT: Yes, ma'am.
> THE COURT: This paperwork suggests that you want to give up your right to a jury trial and enter a plea of guilty; is that true?
> THE DEFENDANT: . . . I do have one question real quick.
> THE COURT: Sure.
> THE DEFENDANT: If I took trial by you, are you fair and understanding?
> . . .
> THE COURT: You know, I've been a Judge for a long time. I think I am, yes. But you know, I'm sure there are people that would say I was not. I'm sure there are people that would say I am. You know, it's probably a matter of opinion. I always listen to the evidence. . . . I don't have any idea what the evidence would be. So, . . . I don't ever make a decision until I hear all the evidence.

The trial judge proceeded with the plea hearing, and Appellant again indicated that he wished to plead guilty, but when the trial judge asked him whether he was pleading "guilty" because he is guilty, Appellant asked, "May I have a moment to myself, please?" The trial judge responded affirmatively, and Appellant then stated that he hoped the trial judge could forgive him "[f]or delaying and everything." The following colloquy then took place:

> THE COURT: We have all the time in the world, Mr. Nichols. But I'm not going to forget that I asked you a question you haven't answered. Are you pleading "guilty" because you are guilty, and not for any other reason?
> THE DEFENDANT: I'm guilty.
> THE COURT: Mr. Nichols, I'm going to ask you one more time. Are you pleading "guilty" because you are guilty, and not for any other reason?
> THE DEFENDANT: I'm guilty. And I'm going to do it for them.
> THE COURT: Okay. The Court finds, based on Mr. Nichols'[s] demeanor and his refusal to answer the Court's question about why he's pleading "guilty," that his plea of "guilty" is not voluntary, and the Court is not going to accept his plea of "guilty."

After the trial judge refused to accept Appellant's plea, the prosecutor reminded the court of the earlier discussion about the possibility of a bench trial, and defense counsel stated, "I'd like to elect to waive my right to a jury trial and proceed with a bench trial. And I talked to Mr. Nichols,

and he stipulated to . . . a waiver of a jury trial." The prosecutor informed the court, "it's the same waiver and stipulation we have in the plea papers, just with the stipulation crossed out with a waiver of jury trial, signed by [me], the defendant, and defense counsel." The following colloquy then occurred:

> THE COURT: Jury or no jury?
> THE DEFENDANT: No jury.
> THE COURT: I beg your pardon?
> THE DEFENDANT: No jury, ma'am.
> THE COURT: All right. Are you sure?
> THE DEFENDANT: Yes, ma'am.
> . . .
> THE COURT: Okay. And this is your decision to give up your right to a jury trial?
> THE DEFENDANT: Yes, ma'am.
> THE COURT: Is your lawyer making you give up the right to a jury trial?
> THE DEFENDANT: No, ma'am.
> THE COURT: This is your choice?
> THE DEFENDANT: I want to be tried by you.

The matter then proceeded to a bench trial. The trial court found Appellant "guilty" and assessed punishment at imprisonment for life. This appeal followed.

### WAIVER OF JURY TRIAL

In his sole issue, Appellant argues that the trial court violated his constitutional rights by conducting a bench trial because the written jury trial waiver in the record is insufficient to demonstrate that he waived his right to a jury trial. Specifically, Appellant argues that he signed the written waiver "when he believed he was entering a guilty plea with an agreed-upon sentence[,]" and he asserts that "[t]his is structural error that requires reversal."

### Applicable Law

Both the United States Constitution and the Texas Constitution guarantee a defendant a speedy public trial by an impartial jury. U.S. CONST. amend. VI; TEX. CONST. Art. I, § 10. A defendant has a limited right to waive his constitutional right to a jury trial in favor of a bench trial or guilty plea. *Adams v. United States ex rel McCann*, 317 U.S. 269, 275, 63 S. Ct. 236, 87 L. Ed. 268 (1942); *see* U.S. CONST. amend. VI; TEX. CONST. Art. I, § 15; TEX. CODE CRIM. PROC. ANN. art. 1.12 (West 2002) The right is limited because the State must consent to the waiver, and the trial court must accept it. TEX. CODE CRIM. PROC. ANN. art. 1.13(a) (West Supp. 2022); *see Singer v. United States*, 380 U.S. 24, 36, 85 S. Ct. 783, 13 L. Ed. 2d 630 (1965) (holding that it

does not violate due process to conduct a jury trial against a defendant's wishes). Article 1.13(a) provides that a defendant's waiver of the right to trial by jury "must be made in person by the defendant in writing in open court with the consent and approval of the court[]and the attorney representing the state. The consent and approval by the court shall be entered of record on the minutes of the court. . . ." TEX. CODE CRIM. PROC. ANN. art. 1.13(a).; *see Clark v. State*, 592 S.W.3d 919, 931 (Tex. App.—Texarkana 2019, pet. ref'd). "Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970) (footnote omitted).

Whether "there is an intelligent, competent, self-protecting waiver of jury trial by an accused must depend upon the unique circumstances of each case." *Adams*, 317 U.S. at 278, 63 S. Ct. at 241. A defendant's waiver cannot be knowing and intelligent unless the record demonstrates that he was aware of the relevant circumstances and the likely consequences of waiving his right to a jury. *Rios v. State*, 665 S.W.3d 467, 482 (Tex. Crim. App. 2022). Courts have considered a number of factors when determining whether a waiver of the right to a jury trial was knowing and intelligent, such as (1) whether the defendant knew about his right to a jury and the nature of the right, (2) whether the defendant executed a written jury waiver, (3) whether the trial court admonished the defendant about his right to a jury, (4) the defendant's education, background, and legal sophistication, (5) the level of the defendant's involvement in his defense and ability to understand courtroom discussion regarding waiver of a jury, (6) the defendant's words and actions, (7) discussions with trial counsel about the right to a jury and trial counsel's representations, (8) what language the defendant understands, and if said language is not English, whether an interpreter is present, (9) the lack of an objection before or shortly after the bench trial began, and (10) whether there is a docket entry indicating both that the defendant expressly waived his right to a jury on the record and the waiver was voluntary, knowing, and intelligent. *Id*. at 479-82. On direct appeal, a jury waiver is never presumed from a silent record. *Munguia v. State*, 636 S.W.3d 750, 757 (Tex. App.—Houston [14th Dist.] 2021, pet. ref'd) (citing *Samudio v. State*, 648 S.W.2d 312, 214 (Tex. Crim. App. 1983)).

**Analysis**

The record does not support Appellant's contention that he signed the written waiver believing that he was pleading "guilty" pursuant to a plea-bargain agreement. Rather, as fully

quoted above, the record indicates that the trial judge admonished Appellant regarding his right to a jury trial and specifically asked him whether he desired to relinquish that right and proceed to a bench trial. *See Rios*, 665 S.W.3d at 479-80. Appellant stated that his attorney did not compel him to relinquish his right to a jury trial, and he told the trial judge, "I want to be tried by you." *See id.* at 481. The record contains a written jury trial waiver which, although made on a form more typically used for guilty pleas, is entitled "Waiver of Jury Trial" and states that the defendant "requests the consent and approval of the Court and the attorney for the State to waive the right to a trial by jury herein." *See id.* at 479-80. Additionally, the docket sheet states that Appellant voluntarily waived his right to jury trial and pleaded "not guilty." *See id.* at 482. Furthermore, the trial court's judgment of conviction states "Waiver of Jury Trial" on its face. We conclude that the record contains a sufficient written waiver, which is supported by the proceedings reflected in the reporter's record.

Even if Appellant demonstrated that the written waiver was deficient, which we conclude he did not, the failure to fulfill the statutory requirement of a written waiver is distinct from the structural constitutional error of failing to procure any waiver and is subject to a harm analysis under Rule 44.2(b) of the Texas Rules of Appellate Procedure. *Clark*, 592 S.W.3d at 931. (Tex. App.—Texarkana 2019, pet. ref'd). Rule 44.2(b) requires this Court to disregard any error that does not affect a defendant's substantial rights. TEX. R. APP. P. 44.2(b). In determining whether Appellant was harmed by the purported failure to execute a valid written waiver, we must ascertain whether he understood his right to a trial by jury before his bench trial began. *Clark*, 592 S.W.3d at 932. The trial court's judgment recites that Appellant waived his right to a jury trial. The recitation of a waiver of jury trial is sufficient to establish waiver of the right to a jury trial unless there is direct proof of its falsity because a presumption of regularity applies to all judgments, including form judgments. *Munguia*, 636 S.W.3d at 759. We therefore conclude that Appellant's substantial rights were not affected. *See id.*; *see also Tanner v. State*, No. 06-22-00030-CR, 2022 WL 3567909, at *2 (Tex. App.—Texarkana Aug. 19, 2022, no pet.) (mem. op., not designated for publication). For all these reasons, we overrule issue one.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

GREG NEELEY
Justice

Opinion delivered July 31, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 31, 2023**

**NO. 12-22-00300-CR**

**RICHARD CASTLE NICHOLS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0443-22)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the judgment of the court below should be affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the order of the court below be in all things **affirmed**, and that the decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*